SHARP'S ADMINISTRATOR, *Appellant*, v. COLLINS.

1. **Vendor's Lien, when it does not attach:** MORTGAGE, WHEN EXTINGUISHED. A vendor's lien does not attach where, at the time of the sale, the vendor accepts the notes of the purchaser for the unpaid purchase money, and a mortgage securing same upon the property sold; and where the vendor releases such mortgage and accepts in lieu thereof the notes and mortgage of a purchaser from his vendee, the first mortgage is thereby extinguished; and the second mortgage received by the vendor will be subject to the lien of a mortgage of a prior date given by the second purchaser to a third party which has been duly recorded during the life of the first mortgage.

2. **School Fund Mortgages.** A mortgage given to a county to secure the loan of school money is not void because it is a second mortgage, by reason of the statute, (2 R. S. 1879, ¿ 7110,) providing that such loans shall be upon real estate free from all liens and incumbrances; this statute is directory—its object is to secure such loans, and not to destroy such security as may be taken.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

AFFIRMED.

*Livingston, Smith & Krauthoff* for appellant.

A mortgage for the purchase money of land, and the vendor's lien, can and do exist separately and independently of each other. The taking of the mortgage does not merge or extinguish the lien of the vendor. The changing of a mortgage from one party to another for the same debt, and on the same land or property, does not affect or defeat the original lien, and more especially where such mortgage is to secure the purchase money of land. *Morris v. Pate*, 31 Mo. 315; *Linville v Savage*, 58 Mo. 248; *Leppold v. Held*, 58 Mo. 213; *Christian v. Newberry*, 61 Mo. 446; *Hill v. Beebe*, 3 Kernan (N. Y.) 556; *Eggeman v. Eggeman*, 37 Mich. 436; 1 Hilliard on Mort., 307, § 4, note d; 1 Washb. Real Prop., 605, § 28, 523, § 27, 539, § 16; *Boos v. Ewing*, 17 Ohio 500; *Anketel v. Converse*, 17 Ohio St. 11;

*Stafford v. Van Rensselaer*, 9 Cow. 316.   The statute, (2 R.
S. 1879, §§ 7109, 7110,) relating to the security to be taken
for loans by county courts of school funds, must be strictly
complied with.   *Mann v. Best*, 62 Mo. 491; *Ray County v.
Bentley*, 49 Mo. 236; *Cockey v. Milne*, 16 Md. 200; *Phillips
v. Pearson*, 27 Md. 242; *State v. State Bank*, 5 Ind. 353.

*Ogden, Maxey & Hines* for respondents.

The entry of satisfaction on the margin of the record
is equivalent to the execution of a deed to the land, and
extinguishes the mortgage.   Wag. Stat., p. 956, § 16;
*Leitensdorfer v. Goebel*, 31 Mo. 474; *Valle v. Am. Iron M.
Co.*, 27 Mo. 455; *Chappell v. Allen*, 38 Mo. 213; *McCrea v.
Purmort*, 16 Wend. 460, 474.   The cancellation by a mort-
gagee of his mortgage, when there is a second mortgage
on the same property, and the taking in lieu thereof an-
other mortgage on the same land, in the absence of fraud
on the part of the holder of the second mortgage, will give
such second mortgage the priority.   *White v. Todd*, 10 Mo.
189; Jones on Mort., § 605; *Frazee v. Inslee*, 2 N. J. Eq.
239; *Smith v. Brackett*, 36 Barb. (N. Y.) 571; *Woolen v.
Hiller*, 9 Gill (Md.) 185; *Neidig v. Whiteford*, 29 Md. 178.
The statute in regard to the loan of school funds is merely
directory.   *Marion County v. Moffett*, 15 Mo. 604; *Mann v.
Best*, 62 Mo. 491.

HENRY, J.—This action was to revive a mortgage and
vendor's lien and for other relief.   Plaintiff is adminis-
trator of the estate of Joseph Sharp, deceased, who, on the
27th of September, 1873, sold and conveyed to C. D. Bolin
and S. J. Langston for the consideration of $3,000, the
parcels of land upon which plaintiff claims a lien for a
balance of said purchase money, and to secure the pay-
ment of said purchase money, the purchasers then exe-
cuted their note and a mortgage on said lands, which was
immediately filed for record.   Afterward, on the 29th day
of January, 1875, while said note was wholly unsatisfied,

Bolin and Langston sold and conveyed the said lands to the defendant Collins, who, by agreement with Bolin and Langston, assumed the said debt to Sharp. On the 22nd day of September, 1875, Collins, for the purpose of changing said debt, and becoming individually responsible for its payment to Sharp, executed to him a note for $2,120, the balance unpaid, payable October 1st, 1876, and also a mortgage of said lands to secure it, and Sharp then acknowledged on the record satisfaction of the mortgage from Bolin and Langston to him. Prior to the execution of the mortgage from Collins to Sharp, on the 1st day of February, 1875, Collins had borrowed of the county of Howell about $350 of the school money, and executed to the county a mortgage of the lands in question, which was of record when Sharp took his mortgage from Collins. The answer alleged that when Collins purchased the lands Bolin and Langston had paid about $1,300 of the original purchase money, and placed over $1,000 worth of permanent improvements on the land, and that Collins paid Sharp $300, and that it was agreed between all the parties that Sharp should take Collins' personal obligations and mortgage of the land, and release Bolin and Langston from liability for the purchase money; that Sharp, when he took the note and mortgage from Collins, had knowledge of the existence of the county mortgage. By his replication the plaintiff denied that Sharp was aware of the existence of that mortgage; and charged that its existence was fraudulently concealed from him by the defendant.

Whether Sharp had actual knowledge of Collins' mortgage to the county or not, the record of that mortgage 

1. VENDOR'S LIEN, WHEN IT DOES NOT ATTACH: mortgage, when extinguished. imparted notice to him. It was a conveyance by the party under whom he claims through his mortgage. The mortgage executed to him by Bolin and Langston was acknowledged of record satisfied, and he took a mortgage from Collins on the same land, to secure the balance of the same debt. The very transaction shows that the object, as alleged by defendant,

was to substitute Collins as Sharp's debtor for Bolin and Langston. There is, in addition to this, the positive testimony of Langston that he informed Sharp of the existence of the county mortgage, and the testimony of the same witness and one Reed, introduced by plaintiff, that Sharp agreed to take Collins' note and a mortgage on the land for the debt, and release Bolin and Langston, if the latter would pay him $200, which Reed says he saw Bolin pay to Sharp. The court rendered a judgment foreclosing the mortgage, but declaring the mortgage executed by Collins to the county to be a prior lien and to be first satisfied out of the proceeds of the sale of the lands in question.

We know of no principle of law or equity which, on these facts, clearly established, would have warranted a different judgment. The vendor's lien was manifestly extinguished, or rather never attached, Sharp having at the time he conveyed the lands to Bolin and Langston, accepted a note for the purchase money, and a mortgage of the lands to secure it. The lien acquired by that mortgage was extinguished by his acceptance of the note and mortgage from Collins under the agreement to accept him in lieu of Bolin and Langston as his debtor, even if there had been no satisfaction of the former mortgage entered of record.

It is contended by appellant's counsel that because the statute requires the county court to take a mortgage on 2. SCHOOL FUND unincumbered real estate to secure loans of MORTGAGES. the school moneys made by it, and the court in this instance having taken the mortgage in question on lands then encumbered, it is invalid. The object of that requirement was to secure the school funds loaned, and it would be a singular construction of the statute which would destroy the security because not as complete as the county was required to take. In the case of the *State v. State Bank*, 5 Ind. 356, cited by appellant's counsel, a statute of Indiana prohibited a loan of more than $300 of school money to any one person, and, in that case, the school commissioner loaned to one person $1,527, and took

a mortgage from him on land to secure it, and the court held the mortgage void as against a subsequent purchaser, although the latter had notice of it when he purchased the land. Whether that decision is maintainable on principle or not, we express no opinion but only a doubt. There is, however, a manifest distinction between that and the case at bar. The statute of Indiana absolutely prohibited the loan of an amount exceeding $300 to one party, while here there is no prohibition, but the provision with respect to the security to be taken, is directory; and if appellant's position is correct, no matter what diligence the court may have exercised to ascertain if the real estate was unincumbered, and concluded that it was free from incumbrance, if it afterward appeared that it was incumbered when the mortgage was taken, the mortgage would be void. We are not prepared to assent to that proposition. The policy of the Indiana statute, as stated by the supreme court in the above case : " Was to afford facilities to all who might desire to become borrowers ; to enable men of small means to procure small loans, and thus diffuse the benefit as far as possible, and prevent the few from engrossing the entire fund." The purpose of our statute was to secure, beyond a peradventure, the school moneys loaned, and it would not further, but defeat that purpose to hold the mortgage void, because not as good a security as the law required. The judgment is affirmed. All concur.