## No. 15,195.

### MEGGINSON *v.* HALL.
(137 P. [2d] 411)

Decided May 3, 1943.

Mr. John N. Mabry, for plaintiff in error.

Mr. Joseph W. Hawley, for defendant in error.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

Charles Maxday was indebted to Y. George in a sum in excess of $44,000. Maxday had given George deeds of trust securing various parts of this indebtedness, which deeds contained the following provision: "That in case of any default, whereby the right of foreclosure occurs hereunder, the said party of the second part or the holder of said note or certificate of purchase, shall at once become entitled to the possession, use and enjoyment of the property aforesaid, and to the rents, issues and profits thereof, from the accruing of such right and during the pendency of foreclosure proceedings and the period of redemption, if any there be; * * * "

Defendant Megginson occupied a filling station on one of the properties covered by the trust deeds as the tenant of Maxday, the rental being $150 per month, payable monthly in advance.

The following chronological statement of events furnishes the background of the present dispute:

June 20, 1941, George declared a default in the aforesaid deeds of trust and on said date filed a complaint in the district court of Las Animas county, Colorado, asking for foreclosure of said deeds of trust and the appointment of a receiver.

June 24, 1941, defendants in the foreclosure suit were served with notice that plaintiff George would call up

for hearing his application for receiver on June 27, 1941. Copies of the complaint and summons had been served and were in the hands of Maxday and had come to the attention of Hall, plaintiff in this case, who was the attorney for Maxday in said foreclosure proceeding before the hearing on June 27.

June 27, George served a notice on Megginson, the tenant of Maxday, that he had declared a default in the terms of the deed of trust, that foreclosure proceedings had been instituted and application made for the appointment of a receiver. Megginson was further notified to pay rent to no one until the application for the appointment of a receiver had been acted upon.

June 30, 1941, Maxday and his wife assigned to Hall, the $150 rental payment for the month of July, which was due the following day, July first.

July 17, 1941, a receiver was appointed upon the application of George, with the consent of Maxday and the other defendants. The receiver was authorized by such appointment to collect the rents, issues and profits of the property described in the complaint in the district court, including the property occupied by Megginson as tenant, and to dispose of them as the court might direct.

July 18, Megginson, after the appointment of the receiver, paid to the receiver the $150 rent on the filling station which he occupied, due July first for the month of July.

Plaintiff Hall appeared for Maxday in the district court throughout the foreclosure proceedings. During this time Hall made no claim in the receivership proceedings that he was entitled to any of the rent, but on September 17, 1941, instituted an action in the justice of the peace court against Megginson to recover $150, which suit was tried and resulted in a judgment for the defendant Megginson. Hall appealed to the county court, where, at the close of the evidence both parties moved for a directed verdict and after consideration of the motions the court denied defendant Megginson's motion,

sustained that of plaintiff Hall, and entered judgment accordingly. Seeking to reverse this judgment, Megginson has brought the case here by writ of error.

We think the whole issue presented may be resolved by answering the following question: If no assignment had been made to Hall, could Megginson, after having received notice that a foreclosure proceeding had been instituted and application made for the appointment of a receiver, *and a further notice from George not to pay the July rent to Maxday,* have defended successfully an action brought by Maxday, the assignor of Hall, for the July payment? Or, to state the problem in general terms, may a mortgagor who has pledged the rents on the mortgaged property as security for the mortgaged debt, after default declared, foreclosure instituted and a receiver requested and notice of all such served on the mortgagor and his tenant, by assigning to a third party rent subsequently falling due prevent the mortgagee from having such rent applied to the satisfaction of his debt? We are of the opinion that the question should be answered in the negative. See, 4 Am. Jur. 305, §95; 6 C.J.S. 1167, §118. To hold otherwise would be to say that after pledging the rents as security as in this case, the mortgagor could make the pledge ineffectual and valueless to the mortgagee by the simple expedient of assigning the rent before payment thereof was due. It follows as a corollary to this holding that if the mortgagee cannot thus be defeated that he has a right, through a receiver procured by him, to enforce payment of the rent against the tenant. The tenant being obligated to pay the rent to the receiver and only obligated to pay it once, cannot be compelled to pay it a second time to the assignee. An affirmance of the judgment rendered in the county court would compel Megginson to pay $300 rent for the month of July rather than the $150 he contracted to pay in his lease and discharged by payment to the receiver.

Under our statute, and the general law as an-

nounced both prior, and subsequent, to the enactment of the statute, a mortgagee, even though the rents are pledged as security, until he takes some effectual step to subject them to the payment of his debt, has but an inchoate or passive lien on such rentals. S.L. 1929, p. 538, c. 151, §8 ('35 C.S.A., c. 40, §165); *Fisher v. Norman Apartments, Inc.,* 101 Colo. 173, 72 P. (2d) 1092; *Moncrieff v. Hare,* 38 Colo. 221, 87 Pac. 1082.

The only remaining question is whether the right to the rent for the satisfaction of the mortgaged debt related back to the institution of the foreclosure proceedings, or became effective only when the order for the appointment of the receiver was made on July 17. We hold that the mortgagee's right to the rent became vested. as of the date of the beginning of the foreclosure proceedings. The mortgagee, before the assignment was made, had done everything within his power to establish his right. He had declared a default, instituted foreclosure proceedings, served the summons, applied for a receiver, and served notice upon all interested parties before any alleged rights of the assignee came into being. Nothing remained but for the court to recognize such rights of the mortgagee and to set up the machinery for their enforcement by decree appointing the receiver. This in fact was done on July 17. The following cases support our holding: *Dow v. Memphis & Little Rock R. R. Co.,* 124 U.S. 652, 8 Sup. Ct. 673, 31 L. Ed. 565; *Barron v. Whiteside,* 89 Md. 448, 43 Atl. 825; *Kooistra v. Gibford,* 201 Ia. 275, 207 N.W. 399; *Elmira Mechanics' Society v. Stanchfield,* 87 C.C.A. 585.

Extensive notes on the general propositions involved in this case may be found in the following volumes of the American Law Reports: Vol. 4, p. 1405; vol. 55, p. 1020, vol. 87, p. 625, and vol. 91, p. 1217.

Judgment reversed.