No. 16,127.

JONES *v.* STURGIS ET AL.
(199 P. [2d] 645)

Decided October 18, 1948.

Mr. FRED M. MAZZULLA, for plaintiff in error.

Mr. CHESTER E. SMEDLEY, Mr. SHIELDS MASON, for defendants in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

WE will refer to the parties to this litigation as they appeared in the trial court where they were in reverse order of their appearance here. Plaintiffs, bringing their action under Rule 105, R.C.P. Colo., for the purpose of removing a cloud upon their title to real property, obtained judgment against defendant. By its judgment the trial court ordered defendant to execute the necessary document to release a deed of trust against the property in question or in the event of his failure or refusal to comply with the order, the clerk of the court, as commissioner, was authorized and directed to execute appropriate cancellation and release. The losing defendant has filed eight specifications of error here, all of which we believe are covered by what follows:

Plaintiffs obtained title to the property in question from Virgil Eden and Clarence S. Eden, and it is the dealings of the Edens with defendant which give rise to this litigation. The Edens originally entered into an agreement with defendant Jones to purchase all of his property at Shaffer's Crossing in Jefferson county, for the sum of twenty-five thousand dollars. Thirteen thousand dollars of this amount was paid either in cash or other property, and to cover the balance of twelve thousand dollars the Edens executed their promissory note, without interest, together with a deed of trust on the conveyed property. Shortly after completing this transaction the Edens resold to Jones a liquor store which was on the property, for which Jones credited them with

three thousand dollars on their note; also they reconveyed to Jones the filling station property, for which Jones credited them with forty-four hundred dollars on the note. From the note introduced in evidence it appears that these credits were entered on the note in Jones' handwriting, followed by his signature in each instance. This left a balance due on the indebtedness of forty-six hundred dollars.

The undisputed evidence shows that some time later the Edens asked Jones if he would make a discount if they paid the balance due immediately; that in reply Jones stated that he would knock off two hundred dollars and take forty-four hundred dollars as immediate payment of the note in full; whereupon the parties met January 9, 1947, in the office of the Landon Abstract Company and in the presence of George G. Shannon, an officer of that company, the Edens paid the sum of forty-four hundred dollars with a check marked, "Payment in full for grocery store at Shaffer's Crossing." Jones at that time was unable to find the abstract to the property and agreed to deliver one "clear to date"; nor had he at that time delivered his deed to the Edens. Subsequently he delivered the deed conveying the appropriate property. This deed, which was introduced in evidence, is a warranty deed in which the grantor warrants that the property is free and clear of all encumbrances. The evidence disclosed further that nothing was said about obtaining a release of the deed of trust securing the twelve-thousand dollar note, and subsequently, when Jones was requested to execute such a release he refused to do so, his refusal being the basis of this action.

The trial court found:

"That the equities are on the side of the plaintiffs;

"That the defendant, Isham Jones, and the Edens, former owners, reached a compromise settlement in full of the $12,000.00 note on January 9, 1947, and a Warranty Deed was executed on January 20, 1947, conveying the land covered by the Sales Agreement (C) and the Trust

Deed, minus the property deducted from the original plot by the two subsequent modifications and releases to Jones.

"That the note secured by the Trust Deed in question was fully satisfied and discharged by the payment on January 9, 1947, and ceased to be a valid lein [lien] on the property.

"That the defendant Isham Jones should be required by this Court to cancel and release the said note and deed of trust forthwith.

"That in the event the said Isham Jones shall neglect or refuse to cancel said note and release said deed of trust, this Court should appoint the Clerk of the District Court at Golden, Colorado, Ben Burgess, as Commissioner to execute such cancellation and release."

After careful examination of the record we are of the opinion that the undisputed evidence supports the findings of the trial court.

The evidence further shows that after the Edens had reconveyed the filling station to Jones, the latter entered into a contract of sale for that property with one Casey; that Casey failed to complete the payments under this contract in the amount of twenty-four hundred dollars and defendant Jones was willing to execute the release of the Eden deed of trust only upon payment of this balance due under the Casey contract. When the Edens sold to Jones, it was agreed that the personal property connected with the filling station should be removed at the end of six months; during that period, neither Casey nor Jones took the equipment away, and thereafter the Edens operated same for a short time. This, however, seems to have been a collateral matter.

It is argued that the Edens were necessary parties to this action. The record shows that the elder Eden and his wife Dora conveyed all of their interest to the plaintiffs, and the son had no interest of record in the property. Neither, therefore, appears to be a necessary party.

*Lathrop v. John,* 73 Colo. 304, 215 Pac. 472. Counsel for defendant made no attempt to have them made parties.

We cannot agree with counsel for defendant that the latter's claim is not adverse to plaintiffs. On the contrary we believe it definitely constitutes a cloud on plaintiffs' title. 44 Am. Jur. 10, §11; 78 A.L.R. 24, et seq., and on page 101 is cited the case of *Quinn v. Kellogg,* 4 Colo. App. 157, 35 Pac. 49. See, also, *Wells v. Brown,* 23 Colo. App. 190, 128 Pac. 869.

We further are of the opinion that the trial court was justified in finding that the note secured by the deed of trust was in fact fully satisfied and discharged by the payment on January 9, 1947, and that, therefore, the deed of trust securing it ceased to be a lien on the property. It is the payment of the note that was the essential fact in this case, whereas the cases cited by counsel for defendant do not deal with the question of payment. Our latest decision on the point appears to be *Liddle v. Lechman,* 114 Colo. 189, 163 P. (2d) 802. See, also, *Coler v. Barth,* 24 Colo. 31, 48 Pac. 656; 36 Am. Jur. 890, §406; 44 Am. Jur. 24, §30.

Counsel for defendant also specifies error in the admission of the testimony of plaintiff's witness Shannon, on the ground that communications to him were confidential and privileged. In our opinion such communications were privileged only if Shannon was acting as an attorney for defendant. All of the evidence showed that Shannon was not acting as counsel for the defendant but, on the contrary, was acting as an officer and agent of the Landon Abstract Company.

The lien of a deed of trust cannot be extended to secure a subsequent debt or obligation in the absence of a written agreement to that effect. 36 Am. Jur. 722, §68.

We agree with counsel for the plaintiffs that defendant is estopped from asserting or claiming any interest or lien against plaintiffs' property "by virtue of the deed of trust" because of his warranty deed with full covenants of warranty. "Where the grantor holds a

584

prior mortgage on the premises, he can assert no rights as mortgagee against his grantee." 19 Am. Jur. 607, §10.

From the foregoing it is evident that we are not impressed with the contention of counsel for defendant that the judgment of the trial court violates the clauses guaranteeing due process under both the United States and the Colorado Constitutions, respectively.

The judgment is affirmed.