## No. 16,765.

JOHNSON ET AL. *v.* McLAUGHLIN ET AL.
(242 P. [2d] 812)

Decided March 17, 1952.

Mr. FRANK DELANEY, for plaintiffs in error.

Mr. JEAN S. BREITENSTEIN, Mr. JAMES D. GEISSINGER, Mr. JOHN R. MORAN, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

We will herein refer to the parties as they appeared in the trial court where defendants in error were plaintiffs and plaintiffs in error were defendants, or by name.

Plaintiffs' complaint contains two claims. The first is in the ordinary form of an action to quiet title in and to the oil and gas contained or belonging in or under 320 acres of land in Rio Blanco county, Colorado, known as the White River Ranch. The prayer under the second claim is that, the court enter a declaratory judgment that plaintiffs are the sole owners of the gas and oil above mentioned. Plaintiffs claim the oil and gas rights under a reservation thereof in a warranty deed dated January 23, 1925, in which plaintiff Lucius A. Dick was the grantor and Lloyd Downs Lewis was the grantee. The property described in said deed was the land here in question. The deed contained the following:

"Excepting and reserving, however, all oil and/or gas contained or belonging in or under said lands, or any part thereof, or hereafter recovered, produced and saved therefrom, together with the right upon payment of reasonable compensation, to use such of the surface as may reasonably be required for the purpose of prospecting and drilling thereon for the development and recovery of oil and/or gas on said lands.

"Subject to a Trust Deed dated June 1, 1923, appearing of record in Book 62, Page 382, securing to Buena G. Wharton payment of the sum of $10,000.00, which Grantee assumes and agrees to pay."

Subsequent to the execution, delivery, and recording of this deed, the oil and gas rights in question were not separately assessed, and nothing was done by the owners of the rights to have them assessed. The property was sold in 1931 for nonpayment of taxes for the year 1930, and April 5, 1935, the treasurer of the county duly issued his deed to Mary A. Wharton describing the real estate by legal description of the surface, without ex-

pressly excluding or including the oil and gas underlying the land.

Plaintiff Dick purchased the White River Ranch from Josiah Wharton and Buena C. Wharton in 1919. At the time of this purchase Dick assumed an indebtedness of $6,000.00 secured by first deed of trust upon the property, and executed a new note for $4,000.00 secured by second deed of trust thereon. In 1923 the two encumbrances above mentioned were released, and Dick executed a deed of trust upon the property evidencing an indebtedness of $10,000.00. This encumbrance was released in 1926. Plaintiff Dick meanwhile sold the property, making the reservation of oil and gas. It will be noted that the deed of trust executed by Dick in 1923, which was released in 1926, did not except the oil and gas, but all such rights were included in the security for payment of the debt.

In 1926, one Monaghan, who then owned the White River Ranch (surface rights), executed a trust deed thereon in the amount of $10,000.00. This trust deed purported to encumber the estate in its entirety, without reservation of any kind. It was released June 7, 1930. December 1, 1929, Monaghan executed a deed of trust on said property, without expressly including or excluding oil and gas rights to secure payment of $10,000.00 to Mrs. Buena G. Wharton. This trust deed was recorded June 7, 1930, and foreclosure proceedings were instituted under its provisions in September 1932. Public trustee's sale was had and trustee's deed issued January 2, 1934, conveying the foreclosed property to Buena G. Wharton without specific inclusion or exclusion of oil and gas rights.

Upon the issues framed by pleadings under which plaintiffs claim the oil and gas under the above-mentioned reservation, and defendants claim under the treasurer's deed and the trustee's deed, the trial court found in favor of plaintiffs and entered judgment as prayed

for by plaintiffs. Defendants, seeking a reversal of the judgment, bring the cause here by writ of error.

Defendants contend for reversal that the tax deed cut off all rights under the reservation of oil and gas and conveyed title thereto to the grantees; that the trustee's deed "being based upon foreclosure of a renewal trust deed, relates back to the original trust deed given by Lucius A. Dick," and conveys the same rights which were conveyed to the Public Trustee under said original trust deed in which there was no reservation of oil or gas; that plaintiffs' claims are barred by laches; that plaintiffs made no offer to do equity in that they tendered no part of the taxes theretofore paid on the property; and that plaintiffs' claims are barred by the statute of limitations.

Questions to be Determined.

First: *Did the treasurer's deed convey the oil and gas rights theretofore reserved by the plaintiff Dick?*

This question is answered in the negative. This identical question was considered by us at length in *Mitchell v. Espinosa,* 125 Colo. 266, 243 P. (2d) 412, decided this date. Our opinion in that case fully covers the point here urged and no good purpose would be served by repeating the language of that opinion, which is equally applicable to this case.

Second: *Under the facts hereinabove set forth relating to the execution of the trust deeds upon the property in question, were the oil and gas rights conveyed to the grantee in the trustee's deed on the theory that the deed of trust foreclosed upon was a renewal trust deed, securing payment of the original debt; that it related back to the original instruments creating and securing that debt; and that by reason thereof said trustee's deed conveyed all property included within the original deed of trust which made no reservation of oil and gas?*

This question is answered in the negative. Good and sufficient reasons for the negative answer are apparent. Dick assumed a $6,000.00 debt and gave a second deed of

trust for $4,000.00 when he purchased the land in 1919. These encumbrances were released in 1923. The new trust deed executed upon the property by Dick in 1923 was fully released in 1926 and evidenced the discharge of the indebtedness. A new debtor was accepted upon a new note with new security. The new debtor owned no interest in oil and gas and consequently could place no encumbrance thereon. The beneficiary under the original deed of trust voluntarily discharged the original debtor in full and accepted the note and security of the new purchaser.

The foreclosed trust deed was not an instrument signed contemporaneously with the Dick purchase, as it was executed eleven years thereafter. Neither was the deed foreclosed a part of the same transaction by which Dick acquired title. In our opinion in *Robinson v. Wright, Executor,* 90 Colo. 417, 9 P. (2d) 618, we clearly indicated that the preference to which a purchase-money mortgage is entitled rests upon the presence of these conditions. In that opinion we said: "We have held that a mortagage of land *executed by a purchaser thereof contemporaneously with the acquisition of the title, or afterwards as part of the same transaction,* is entitled to preference over all other claims or liens through the mortgagor, even though prior in time. *Emery v. Ward,* 68 Colo. 373, 191 Pac. 99. The reason for the rule is that, the execution of the deed and mortgage being practically simultaneous acts, the title does not for a single moment rest in the purchaser unencumbered by the mortgage." (Emphasis supplied.)

In the instant case eleven years elapsed between the purchase by Dick in 1919 and the execution in 1930 of the trust deed which was subsequently foreclosed. During this period three trust deeds, two warranty deeds and four releases of deeds of trust intervened. By accepting new notes and new trust deeds on two separate occasions from a new debtor, with an interval of three years separating the said transactions, the original in-

debtedness of Dick, and the security given by him, was entirely extinguished. These facts call for application of the rule as stated in general terms in 59 C.J.S., page 729, section 461, as follows: "Where, on a sale of mortgaged premises, the mortgagee gives up the notes secured, and takes from the purchaser his own notes, as evidences of the same continuing debt, this does not release or extinguish the mortgage. *It is otherwise if both the original note and mortgage are surrendered and a new note and new mortgage, executed by the purchaser, taken in their place; this has the effect of satisfying the original mortgage.*" (Emphasis supplied.) Cases from other jurisdictions supporting this view are *Sharp's Administrator v. Collins,* 74 Mo. 266; *Tucker v. Conwell,* 67 Ill. 552.

We have carefully considered the argument of counsel for defendants to the effect that plaintiffs are barred from recovery by laches and equitable estoppel; that they failed to offer to do equity by tendering taxes; that they are barred by the statute of limitations; and that the findings of the trial court are incorrect and contrary to the evidence, but are not convinced thereby.

None of counsel's contentions in the specifications of error filed herein warrant reversal of the judgment. It follows, therefore, that the judgment should be, and accordingly is, affirmed.

MR. JUSTICE STONE dissents.

MR. JUSTICE CLARK did not participate.