In re **CONSOLIDATED CAPITAL INCOME TRUST, Plaintiff/Appellee,**

v.

**COLTER, INC., Glissade, Inc., Mountaineer Corporation, Peakview Incorporated, Goldtone, Inc., TGP, Inc., Bridger, Inc., Defendants/Debtors/Appellants.**

**Civ. A. Nos. 85–M–181 to 85–M–187.**

United States District Court,
D. Colorado.

March 28, 1985.

Mark Fulford, Sherman & Howard, P.C., Denver, Colo., William P. Weintraub, Murphy, Weir & Butler, San Francisco, Cal., for plaintiff/appellee.

Nancy D. Miller, Sheila Porter Main, Sterling & Miller, P.C., Denver, Colo., for defendants/debtors/appellants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This is an appeal of a bankruptcy judge's ruling entered October 23, 1984 that rents received from real property owned by debtors who had filed under Chapter 11 were "cash collateral", and that the debtors were proscribed from using the rents without compliance with 11 U.S.C. § 363(c)(2). The debtors contend that the rents are not cash collateral, and that they have the right to the unfettered use of the rents during the pendency of bankruptcy proceedings. Jurisdiction is proper under 28 U.S.C. § 158.

The facts on appeal are undisputed. Consolidated Capital Income Trust ("Consolidated") holds a promissory note secured by a deed of trust on the debtors' apartment complex property. The deed of trust is on file with the Clerk and Recorder in Denver County, Colorado. That deed of trust provides in part:

> Grantor hereby assigns to Trustee and Beneficiary, as their interests may appear, all existing and future leases, rents, issues, profits, revenues, royalties,

rights and benefits of the Property, hereinafter collectively called the "Rents," for the payment of indebtedness.... Grantor shall be entitled to collect and receive the Rents until the occurrence of an Event of Default, as hereinafter defined, and, if applicable, alter the expiration of the notice period provided for herein. Nothing in this Paragraph shall limit or modify the provisions of that certain Conditional Assignment of Rents and Leases from Grantor to Beneficiary delivered concurrently herewith, and to the extent of any conflict between the terms and provisions thereof and hereof, the terms and provisions of said Conditional Assignment of Rents and Leases shall prevail.

[Tr. 18].

The Conditional Assignment of Rents and Leases, also on file in Denver County, similarly provides that the debtors as Assignor:

... hereby absolutely and irrevocably conveys, transfers, and assigns unto CONSOLIDATED CAPITAL INCOME TRUST, a California business trust ... all of the rights and privileges which the Assignor, as lessor, has and may have in the leases (and rental agreements) now existing or hereafter made ... including but not limited to ...

B. All rents, income, profits, security and other tenant deposits and other amounts due and becoming due under said leases.

[Tr. 35].

Default occurred on or about June 1, 1984. On August 9th, 1984, the debtors signed an agreement acknowledging the default and providing in part that Consolidated would forebear from taking possession of and posting notices of foreclosure against the property until September 14, 1984. [Tr. 53]. On September 21, 1984, debtors filed voluntary petitions for bankruptcy under Chapter 11. Concomitantly, 11 U.S.C. § 362(a)(4) took effect and automatically stayed "any act to create, perfect, or enforce any lien against property of the estate."

The issue here is whether the rents from the property are cash collateral within the meaning of Section 363(a). Cash collateral is defined as any cash and cash equivalents "in which the estate and an entity other than the estate have an interest." Rents received from real property before or after the commencement of the case would be cash collateral to the extent that they are subject to a lien. S.Rep. No. 989, 95th Cong., 2d Sess., *reprinted in 1978 U.S. Code Cong. & Administrative News, 5841.*

If the rents are cash collateral, then the debtor's use of the rents is restricted under 11 U.S.C. § 363:

(c)(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this section unless—

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section * * *

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, leased, or proposed to be used, sold, or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection.

The Colorado Supreme Court has held that: "Under our statute, and the general law as announced both prior, and subsequent, to the enactment of the statute, a mortgagee, even though rents are pledged as security, until he takes some effectual step to subject them to the payment of is debt, has but an inchoate or passive lien on such rentals." *Megginson v. Hall,* 111 Colo. 104, 137 P.2d 411, 413 (1943). A mortgagee has a right to rents only under certain definite circumstances. "If the mortgagor abandons the possession ... the mortgagee may take possession and collect

the rents. Where rents are assigned to the mortgagee, a receiver may be appointed to take possession for him and collect the rents for his benefit ...." *Fischer v. Norman Apartments,* 101 Colo. 173, 72 P.2d 1092, 1096 (1937).

The creditor argues that it is exempted from the stay provision under 11 U.S.C. § 362(a)(4) and can perfect its inchoate lien via 11 U.S.C. § 546(b), which reads:

**Limitations on avoiding powers ...**

The rights and powers of the trustee under section 544, 545, or 549 of this title ... are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

■ The debtors argue that the legislative history indicates that Congress never intended to allow a mortgagee to use Section 546 to perfect its security interest in rents. However, the language of the statute is unambiguous and plainly applies to this situation if a mortgagee's security interest in rents "is effective against" the previously acquired interest of a trustee, who has the powers of a hypothetical judgment lien creditor.

■ While the issue has apparently not arisen in the Colorado courts, it is the view of this court that a judgment lien creditor outside of the bankruptcy context would be entitled to levy and execute only against the debtor's right to the current month's rent. After a judgment lien creditor had perfected its interest in the rents, a mortgagee could commence a foreclosure action and seek the appointment of a receiver under § 38–39–112 C.R.S.:

**Receiver appointed upon application.** (1) When an action or proceeding has been commenced to foreclose a mortgage, trust deed, or other instrument securing an indebtedness, a receiver of the property affected shall be appointed upon application at any time prior to sale, if it appears that the security is clearly inadequate or that the premises are in danger of being materially injured or reduced in value as security by removal, destruction, deterioration, accumulation of prior liens, or otherwise so as to render the security inadequate.

■ The receiver could then collect all future rents for the benefit of the mortgagee. After the appointment of a receiver, a mortgagee with an assignment of rents in the deed of trust will have a claim superior to and effective against any interest of a lien creditor of the mortgagor in rents produced by the property.

■ The debtors argue that the bankruptcy judge erred by not determining that the conditions of the property justified the appointment of a receiver at the "546(b)" hearing. This argument is essentially that the creditor had no interest in the rents until the appointment of a receiver, and the bankruptcy judge never found that such appointment would have been justified. It is the view of this court that the beneficiary of a deed of trust with an assignment of rents has the right to apply for a receiver which is perfected by the giving of notice under Section 546(b). Whether or not the condition of the property is such that restrictions on the use of the rents by the debtors is justified to protect the security of the mortgagee will be determined by the bankruptcy judge under Section 363, which is essentially equivalent to the determination made under § 38–39–112 C.R.S.

■ Accordingly, a security interest in the rents is "effective against" a hypothetical lien creditor in these circumstances. The interest of the creditor in this appeal was perfected by the filing of a notice under Section 546(b). The rents from the property in question are cash collateral and may be used by the debtors only in con-

formance with the terms and restrictions of Section 363. Accordingly, it is

ORDERED, that the order entered October 23, 1984 by the bankruptcy judge is affirmed.