**In re EXECUTIVE SQUARE, LTD., Debtor.**

**Bankruptcy No. 87–00975–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Aug. 4, 1987.

See also, Bkrtcy., 77 B.R. 302.

Michael S. Feinman, Feinman, Feinman & Di Stefano, P.A., Lauderhill, Fla., for debtor.

Margaret L. Cooper, Jones & Foster, P.A., West Palm Beach, Fla., for Delray Executive Square.

Douglass E. Wendel, Palm Beach, Fla., Trustee.

Broad and Cassel, Neil J. Berman, Miami, Fla., for American Sav. Bank.

Russell L. Forkey, P.A., Ft. Lauderdale, Fla., for potential claimants.

ORDER DENYING MOTION TO COMPEL PAYMENT OF RENTS

THOMAS C. BRITTON, Chief Judge.

A creditor, American Savings Bank, seeks an order compelling the payment of rents collected from the debtor's property upon which it holds a first mortgage and a collateral assignment of leases and rentals.

Movant seeks relief against either the chapter 11 trustee, Delray Executive Square or the debtor, whichever party has possession of rent proceeds and is authorized to collect future rents. The matter was heard on July 28.

The only opposition to the motion is raised by Delray Executive Square, also a mortgagee. (C.P. No. 50a). The trustee's appointment was for a limited purpose which did not include the collection of rents from the subject property.[1] Delray argues that movant has not timely or properly opposed Delray's right to collect rents as adequate protection which was previously authorized by this court. I agree with Delray that under the facts and circumstances present here, the motion should be denied.

■ Movant cannot be granted relief on the basis of having a lien on the rents because under Florida law it has not perfected its lien. State law is controlling on the issue of what is required of a creditor to perfect a lien on rents. In *White v. Anthony Inv. Co.*, 119 Fla. 108, 160 So. 881, 882 (1935), the court stated that:

> "[the] mortgagee becomes entitled to receive such rents ... from the time he takes possession of the property either by consent of the owner or through the appointment of a receiver.... Only through a receiver to collect future rents could the lien on rents be made effective."

■ The use of cash collateral is only restricted if a lien on the property creates an interest in the mortgagee. 11 U.S.C. § 363(c)(2); *Wolters Village, Ltd. v. Village Properties, Ltd. (Matter of Village Properties, Ltd.)*, 723 F.2d 441, 444–45 (5th Cir.1984). As stated in that case:

> "[a]n examination of the legislative history reveals that Congress did not intend for the Code to preempt state law determination of a mortgagee's interest in rents." *Id.* at 446.

■ Even if I accept movant's argument that it may perfect a lien under § 546(b), the conditions under State law for the ap-

pointment of a receiver have not been satisfied. *See Consol. Capital Income Trust v. Colter, Inc.*, 47 B.R. 1008, 1011 (D.Colo. 1985). In that case, the court stated that:

> "[w]hether or not the condition of the property is such that restrictions on the use of the rents by the debtors is justified to protect the security of the mortgagee will be determined by the bankruptcy judge under Section 363, which is essentially equivalent to the determination made under [State law for appointment of a receiver]." *Id.*

I find that movant has failed to present evidence sufficient under the State law standard applicable here that appointment of a receiver is appropriate. *Carolina Portland Cement Co. v. Baumgartner*, 99 Fla. 987, 128 So. 241 (1930). Movant's assertion that it is entitled to adequate protection under § 361 by the mere recitation in its motion that the mortgage is in default is clearly insufficient.

Accordingly, the motion to compel payment of the rents to American Savings Bank is denied.

---

1. A clarification of the limited nature of the trustee's appointment is set forth in a separate order dated August 3, 1987.