**UNITED BANK OF LAKEWOOD NATIONAL ASSOCIATION,**
Plaintiff–Appellee,

v.

**JEFFERSON INDUSTRIAL BANK,**
Defendant–Appellant.

No. 88CA1611.

Colorado Court of Appeals,
Div. V.

April 19, 1990.

Douglas W. Brown, P.C., Epaminondas Eddie Manelis and Douglas W. Brown, Denver, for plaintiff-appellee.

Kelly, Stansfield & O'Connell, Timothy J. Flanagan and Charles R. Carpenter, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Jefferson Industrial Bank, appeals from a summary judgment rendered in favor of plaintiff, United Bank of Lakewood. We affirm.

This matter arises from loans made by United Bank and Jefferson Industrial Bank which were secured by liens on property owned by Golden Centre, Ltd., a partnership. On July 13, 1984, United Bank loaned Golden Centre $858,000 as evidenced by a promissory note secured by a first deed of trust. An assignment of rents and leases was issued as additional security on the United Bank Loan. Thereafter, Jefferson Industrial lent the partnership $40,000 pursuant to a promissory note dated July 31, 1984, secured by a third deed of trust on the property. Subsequently, United Bank lent an additional $20,000 to the partnership. That loan was secured by a fourth deed of trust on the property.

In February 1986, Golden Centre, unable to make its monthly payments to United Bank, requested and received relief in the form of a renewal note which altered the loan maturity date and reduced its monthly payments. Shortly thereafter, Golden Centre defaulted on all of its loan repayments, owing United Bank an estimated $835,246 in principal and $109,348 in interest.

One lender, not a party to this action, initiated foreclosure proceedings on the Golden Centre property and later made demand on the tenants of the property for payment of rent. Jefferson Industrial redeemed to protect its junior lien position and thereby acquired title to the property, subject to United Bank's interest. United Bank also made demand on the property tenants for rent pursuant to its assignment of rents and leases.

In February 1987, United Bank commenced this action seeking the appointment of a receiver and commenced foreclosure on its first deed of trust. At the foreclosure sale, United Bank purchased the property for $725,000. Jefferson Industrial elected not to redeem. Jefferson Industrial, however, filed a counterclaim seeking a declaratory judgment that United Bank's deed of trust was invalid because the secured note had been altered to the detriment of junior lienors and was therefore extinguished by the prior foreclosure. United Bank raised additional claims against Jefferson Industrial for the recovery of rents.

The trial court entered judgment in favor of United Bank in the sum of $4,518 upon its claim for recovery of rents and denied Jefferson Industrial's claim for declaratory judgment.

I

Jefferson Industrial first asserts that United Bank's deed of trust was invalid because the first note it secured was extinguished by the renewed or substituted

promissory note. Seeking to establish lien priority, Jefferson Industrial argues that the deed of trust held by United Bank did not extend to any note renewed, thus invalidating United Bank's lien. We disagree.

■ Whether the original debt was extinguished upon renewal of the July 13, 1984, note depends on the intent of the parties as determined by the facts and circumstances attending the transaction. *In re Lambert Enterprises*, 21 B.R. 529 (Bankr.W.D.Vir.1982).

■ Parties to a note secured by a mortgage may substitute a new note for the original without impairing the security, although the terms of the two notes are not identical, so long as the original secured debt remains unpaid and there is no increase in the debt. *Smith v. Thomas*, 42 Idaho 375, 245 P. 399 (1926). If, on a sale of mortgaged premises, the mortgagee gives up the notes secured, and takes from the purchaser his own notes as evidence of the same continuing debt, then the mortgage is not released or extinguished. *Johnson v. McLaughlin*, 125 Colo. 298, 242 P.2d 812 (1952). A lien established by a mortgage secures an indebtedness, and a mere change in the form of the evidence of indebtedness as in the mode or time of payment does not in itself operate to discharge the mortgage. *Smith v. Thomas, supra.*

■ The trial court concluded, and we agree, that United Bank held a valid first deed of trust on the subject property at all times. Further, United Bank's promissory note was not a novation but merely a substituted and amended note evidencing the same indebtedness.

Jefferson Industrial's reliance on *Jones v. Sturgis*, 118 Colo. 579, 199 P.2d 645 (1948) is misplaced. In *Jones*, a promissory note secured by a deed of trust was fully satisfied and discharged, thus extinguishing the lien on the property. Here, the lien on the deed of trust was extended to secure the same obligation by an amended promis-

sory note. There is no evidence to suggest the parties intended to do otherwise. We, therefore, reject Jefferson Industrial's first argument.

Implicit in Jefferson Industrial's objection to the substituted note is the assertion that changing the terms of the obligation was detrimental to intervening lienors. We find this argument to be without merit.

■ Since the trial court found that United Bank held a valid deed of trust on the subject property at all times, a discussion of the substituted note's effect on intervening lienors is without significance because the mortgage lien continues until the debt is paid. *Jones v. Guaranty & Indemnity, Co.*, 101 U.S. 622, 25 L.Ed. 1030 (1879).

## II

Jefferson Industrial next asserts that it is entitled to equitable relief allowing it time to redeem United Bank's foreclosure or to assume the first note. We disagree.

■ Redemption is a statutory right. *See* § 38–39–103, C.R.S. (1982 Repl.Vol. 16A). A court may under appropriate circumstances exercise its equitable jurisdiction to extend the statutory period of redemption. *Moreland v. Marwich, Ltd.*, 665 P.2d 613 (Colo.1983).

■ A court is not justified in extending a redemption period, however, unless there have been circumstances of fraud, deceit, or collusion by the purchaser or unless a holder of a right of redemption has been misled by the public trustee's erroneous information. *Johnson v. Smith*, 675 P.2d 307 (Colo.1984). Denying a petitioner additional time to redeem from a foreclosure is discretionary with the trial court. *Moreland v. Marwich, Ltd., supra.*

■ The trial court here properly considered the existence of fraud and deceit on the part of United Bank evidenced by a memorandum prepared by a United Bank

officer outlining a strategy to deal with Jefferson Industrial in bad faith. The court made a finding, however, that United Bank had rejected this proposed strategy. Under such circumstances, we conclude that the trial court did not abuse its discretion by denying Jefferson Industrial's request for an extension of its redemption period.

### III

Finally, Jefferson Industrial asserts that United Bank is not entitled to a judgment for rents collected by Jefferson Industrial. We disagree.

### A.

Jefferson Industrial argues for the first time on appeal that the judgment is void because no order was obtained granting relief from the automatic stay provisions of 11 U.S.C. § 362 (1976). We decline to consider this contention.

An appellate court must review an alleged error from the record and not on arguments of counsel presented in the appellate brief. *Colorado National Bank v. Zerobnick & Sander*, 768 P.2d 1276 (Colo. App.1989).

### B.

Jefferson Industrial also contends that the demand for rents made by United Bank in July 1986 was insufficient to require it to disgorge rents collected after taking possession of the Golden Centre property in December 1986. We disagree.

Resolution of this issue does not, as Jefferson Industrial argues, involve an analysis of the respective rights of the mortgagee and the mortgagor to rents after the mortgagor defaults in his obligation to the mortgagee. *See Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986). Here, where the claim for rents is between two lenders the question becomes whether, absent a court order so authorizing, the junior lender acquires rent over the objection of the senior lender. We think not.

Jefferson Industrial, however, citing *Megginson v. Hall*, 111 Colo. 104, 137 P.2d 411 (1943), argues that an assignment of rents is merely a passive and inchoate lien until affirmative action is taken to subject the rent to payment of the underlying debt. We do not disagree with this principle of law; however, here the rights of both lenders constitute inchoate liens until vested. *See Martinez v. Continental Enterprises, supra*. A junior lender may not claim a superior right to the rents absent a judicial determination. The trial court found that United Bank perfected its lien vis-a-vis Jefferson Industrial by demanding rents from the tenants of the property in July 1986 and by its demand on Jefferson Industrial for rents collected.

Under such circumstances, we agree with the trial court that Jefferson Industrial had a duty to pay over and apply all rents collected to United Bank in its capacity as senior lien holder until the obligation was satisfied.

Judgment affirmed.

CRISWELL and DAVIDSON, JJ., concur.