No. 21080.

GILPIN INVESTMENT CO., A CORPORATION *v.* PERIGO MINES
COMPANY, A CORPORATION; SLEEPING GIANT
COMPANY, A CORPORATION.
(421 P.2d 477)

Decided December 19, 1966.     Rehearing denied January 9, 1967.

Elias J. Candell, for plaintiff in error.

Albert B. Dawkins, for defendants in error.

*In Department.*

Opinion by Mr. Justice Schauer.

The parties appear here in the order of their appearance in the trial court. Defendants named in the complaint, other than Perigo Mines Company and Sleeping Giant Company, were in default and have made no appearance before this court. The defendants Perigo Mines

Company and Sleeping Giant Company, appearing herein, will be appropriately referred to.

The property involved in the controversy is a placer mining claim in Gilpin County, Colorado. It was variously referred to in the testimony, but its identity is not in question. It is described as:

"The John Q. A. Rollins et al Placer Claim upon Gamble Gulch, Survey No. 340, Mineral District No. 1, Independent Mining District, Gilpin County, Colorado. Also commonly known as Gamble Gulch Placer, Survey No. 340, Gilpin County, Colorado."

This placer claim is two miles long and 330 feet wide, and lies in a valley with the boundaries of the tract sloping up on either side. A small stream runs its entire length. Over the years, and up to the present time, rains and surface water have been washing gravel down the slopes, leaving on the surface of the claim a light deposit containing flecks of gold and other valuable minerals.

In its complaint, plaintiff alleges its ownership of a six-acre tract, a part of the placer claim, described as follows:

"Beginning at Patent Corner No. 10 of Gamble Gulch Placer, Survey No. 340; thence to Patent Corner No. 11 thereof; thence to Patent Corner No. 12 thereof; thence to Patent Corner No. 13 thereof; thence to the point of beginning, containing about six acres of land, together with the water rights appertaining thereto, * * *."
Plaintiff describes the deeds and documents constituting its chain of title and asks for reformation thereof in order that the property and plaintiff's rights in connection therewith may be properly described. It also claims title under the seven-year statute of limitations, and asks for a decree adjudging it to be the owner of all loose minerals on the tract claimed or, in the alternative, the loose minerals that have been deposited thereon since the date it obtained title to the tract.

In their answer, defendants set out a counterclaim. Sleeping Giant Company, as a grantee of Perigo Mines

Company, alleges its ownership of the entire placer claim and asks that its title thereto be quieted as against the plaintiff.

■■ In essence, this is a quiet title action, involving not only the title to the surface of the lands in controversy, but also title to the minerals and the mineral rights on and underlying the surface, the water rights appertaining to the land, the right to build and use wagon roads thereon, and the right of way of the existing public road across the same. Since it was tried as a quiet title action, each party was required to assume the burden of establishing by competent evidence its title to the lands respectively claimed.

It is agreed that on December 5, 1921, the Perigo Mining Company was the owner of the subject property. The chain of title of each of the parties hereto may well be traced from that date. Plaintiff bases its title to the tract claimed upon the following deeds and documents (We have added the emphasis indicated.):

1. Warranty Deed, dated December 5, 1921, from Perigo Mines Company to Henry F. Christenson, which conveys a tract of six acres, described by metes and bounds, together with the water rights to the land. The following exception and reservation is material:

"Excepting and reserving, all *mineral rights,* and the right of ingress to and egress from and to *mine* any part of said land that is not covered with buildings; reserving also right to use or build wagon roads across said lands. Also the right of way of the public road as now used is hereby reserved from this conveyance."

2. Warranty Deed, dated September 21, 1922, from Henry F. Christenson to The Maryland Mines & Reduction Company, which conveys several lode mining claims and:

"Also, 1000 feet by 300 feet in what is known as The J.Q.A. Rollins Placer Claim, Survey number Three Hundred and Forty (340) in Gamble Gulch, as recorded in book 171, Page 404 in the recorders office, Gilpin Co.

Colo. May 8th 1922. *Subject to Mineral* and Road *rights.* * * * Subject to all General and Special Taxes."

3. Tax Sale Certificate of Purchase No. 19727, issued by the County Treasurer of Gilpin County to *Gilpin County* on December 24, 1932. It shows the sale on December 24, 1932, for the delinquent taxes for the year 1931, to Gilpin County of *"Six acres of Surface Ground of Gamble Gulch Placer," Survey No. 340,* assessed to Maryland Mines and Reduction Co. Endorsements show payment of subsequent taxes for the years 1932 to 1955, both inclusive.

4. County Treasurer's Deed, dated October 24, 1956, from the County Treasurer of Gilpin County to *Gilpin County* of several lode claims, and *"Six Acres of Surface Ground of Gamble Gulch Placer,* U. R. [?] Survey No. 340," assessed to Maryland Mines and Reduction Co., identifies this tract as being the same tract sold under Tax Sales Certificate of Purchase No. 19727, *supra,* and shows payment by Gilpin County of subsequent taxes for the years 1932 to 1955, inclusive.

5. Correction deed, dated May 4, 1961, from Gilpin County to *Gilpin Investment Company* (plaintiff herein), conveys: *"Six (6) Acres of Surface Ground of the Gamble Gulch Placer,* U. S. Survey No. 340."

There were no reservations or limitations shown in any of the above exhibits, with the exception of Nos. 1 and 2.

Defendant, Sleeping Giant Company, bases its title upon the following conveyance:

1. Warranty Deed, dated October 9, 1961, from The Perigo Mines Company to The Sleeping Giant Company, for several other claims, and "Gamble Gulch Placer (Survey # 340)," excepting two tracts theretofore conveyed, of no interest in this action. No reservations affecting minerals or mineral rights.

Upon considering the title of the plaintiff in its six-acre tract, it is evident from the exhibits that it has title to but *"Six Acres of Surface Ground of Gamble Gulch*

*Placer, Survey No. 340."* (Emphasis supplied.) By its tax deed, plaintiff could secure title to no more than Maryland owned. Maryland had no title to minerals or mineral rights in the property involved, they having been reserved by Perigo in its deed to Christenson.

This court has held that a tax assessment must be sufficient by description to include the surface as well as the minerals and, if the minerals were properly reserved before the assessment, an assessment of the surface rights does not include the minerals. *Johnson v. McLaughlin,* 125 Colo. 298, 242 P.2d 812; *Mitchell v. Espinosa,* 125 Colo. 267, 243 P.2d 412. The law as pronounced in the cited cases precludes the plaintiff from claiming any valid rights to the minerals on or underlying its property.

It appears, therefore, from the exhibits and the testimony relative thereto, that the defendant, Sleeping Giant Company, is the owner of this placer claim, except for the surface rights of plaintiff in its six-acre tract, and except for the exclusion of two other tracts in which the parties hereto are not interested.

It further appears that plaintiff's ownership of the surface of its six-acre tract carries with it such water rights as may be used for purposes other than mining, and is subject to a reservation of the right of way of the public road used for the convenient mining or placering by others of their minerals or mineral rights. It is also subject to the ownership by defendant, Sleeping Giant Company, of all the mineral rights in and to the tract and the right to mine or placer and to build accessory roads of ingress to or egress from the property, so long as such activities do not conflict with any buildings on the property. It is apparent that Sleeping Giant Company is the owner of the mineral rights in and to its property above described, with the right to mine or placer and to build the necessary roads for ingress to or egress from its property, without interference with the buildings on the property.

■ We find no merit in the argument that plaintiff is the owner of this property, including the minerals, by virtue of the seven-year statute of limitations. To confirm its title to the surface under this statute would add nothing to its title secured by means of the tax sale, and, as to any mineral deposits or rights, it never had color of title to them and has paid no taxes thereon. It is undisputed that the defendants have paid all the taxes assessed thereon.

■ The judgment of the trial court is in full concurrence with the views above expressed. We adopt the interpretation by the court of the term "mineral rights," as used in the various deeds in the chains of title, to include, but not be limited to, loose materials on the surface of the land in controversy.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.