## No. C-1008

Kenneth E. Webermeier v. T. S. Pace, a/k/a Thomas S. Pace, Thomas H. Connelly, The Jonquil Oil Corporation, Amoco Production Company, a Delaware corporation, William K. Warren Foundation, Martin Oil Service, Energy Minerals Corporation, Shamrock Coal Company, a dissolved corporation and Frederick B. Peart, Edna E. Peart and Forrest C. Northcutt, the last acting Board of Directors of Shamrock Coal Company, Frederick B. Peart, individually, Edna E. Peart, individually, George T. Peart, F. L. Peart, a/k/a Frederick L. Peart, Jennie Peart Sinnock, a/k/a Jennie Peart Sinnoch, Mary E. Peart, Mary Peart Frazey, Earl Frazey, Mary Jean Frazey Watson, Marjorie Lynn Frazey Gaebel, Roger Walter Peart, Barbara Jean Peart, Janet Elaine Peart, Gloria E. Peart Crowingshield, a/k/a Gloria E. Peart Crowningshield, George Thompson Peart, Earl T. Piney, First National Bank of Denver, Gen Oil Inc., Longmont Farms, Ltd., Meredith O. Johnson, Carl A. Miller, The United Real Estate and Trust Company, a dissolved corporation and Harold Kountze, Jr., receiver for The United Real Estate and Trust Company, Denman Kountze, John T. Stewart III, G. H. Roberts, George E. Gilmore, Alexander McKier, Jr., Merritt H. Perkins, Conrad H. Klein, the last acting Board of Directors of The United Real Estate and Trust Company, and all unknown persons who claim any interest in the subject matter of this action

(563 P.2d 950)

Decided May 9, 1977.                    Rehearing denied May 31, 1977.

Nagel, Sherman & Howard, Theodore E. Worcester, Edward W. Nottingham, Susan D. Proctor, for petitioner Kenneth E. Webermeier.

Southard and Ashlock, Lawrence Ashlock, for respondents T. S. Pace, Thomas H. Connelly and William K. Warren Foundation.

Poulson, Odell & Peterson, Peter A. Bjork, for respondents Gen Oil Inc., Energy Minerals Corporation, Amoco Production Company and The Jonquil Oil Corporation.

Schultz, Bate & Astrella, Richard H. Bate, for respondent Martin Oil Service.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the opinion of the Colorado Court of Appeals in *Webermeier v. Pace*, 37 Colo. App. 546, 552 P.2d 1021. The court of appeals affirmed the trial court's judgment granting a summary judgment motion in favor of non-faulting defendants in plaintiff Webermeier's action to quiet title to certain severed mineral rights. We affirm the judgment of the court of appeals.

Only a resume of the facts, which are set out more fully in the opinion of the court of appeals, is necessary here. Plaintiff Webermeier sought to clear title to all minerals in several parcels of land. His claim was premised on treasurers deeds purporting to convey to him these interests. It is undisputed that previous owners whose interests had been sold for

delinquent taxes in 1959 had earlier ownership rights in coal only.

The county assessor, for reasons unexplained in the record, several years prior to 1959 had changed the description of the interests from "coal only" to "minerals only." Thereafter, previous owners had been erroneously assessed as the owners of all mineral rights, and the treasurers' deeds described this assessed ownership interest in the like manner. Prior to this change of description, the prior owners had been assessed for "coal only" and the record owners of the non-coal mineral interests, which had also been severed, were not notified of the erroneous assessment or of the 1959 tax sale.

An abstract of title, which was an exhibit considered by the trial court, revealed that the defendants' claims to the non-coal mineral interests were based on recorded conveyances from the record owners thereof. These interests originated out of an earlier reservation of those rights that severed ownership of the coal from the other mineral interests and from title to the surface.

Our research and review of the record lead us to the same conclusions reached by the court of appeals: (1) that the treasurers' deeds held by plaintiff Webermeier did not convey to him title to all mineral interests, and (2) C.R.S. 1963, 118-7-9,[1] the so-called "vacant lands" statute, is not applicable as a means of establishing plaintiff Webermeier's title to all minerals under the facts of this case.

The court of appeals on the basis of a well-reasoned discussion disagreed with Webermeier's contention that the treasurers' deeds vested title to all mineral interests in him. The court of appeals properly ruled that the grantee of a treasurer's deed secures title to no more than that owned by the prior owner whose interest was sold for taxes. This ruling does no violence to the general principle that a treasurer's deed issued pursuant to a valid tax sale creates a new, complete, and paramount title to the real property interest involved. All liens, encumbrances, and other charges against the real property interests as owned by the defaulting owner are eradicated.

The ruling of the court of appeals conforms to the holding in *Gilpin Investment Co. v. Perigo Mines Company*, 161 Colo. 252, 421 P.2d 477 (1966). In that case, the plaintiff claimed ownership to the surface ground and to the underlying minerals through a treasurer's deed. The party whose failure to pay taxes led to the treasurer's deed owned only the surface. The court in *Gilpin* stated that the plaintiff by the treasurer's deed acquired title to no more than that owned by the defaulting surface owner.[2]

---

[1] Now section 38-41-109, C.R.S. 1973.

[2] Attention is directed to the fact that we are not concerned with C.R.S. 1963, 118-7-6, (now section 38-41-106), the "seven year tax deed statute," since it was not made an issue.

Plaintiff Webermeier also argued that his title to the non-coal mineral interest should have been established by applying the "vacant land" statute, which in pertinent part provides:

"Whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title."

The court of appeals stated that the above provision must be considered in relation to C.R.S. 1963, 118-7-8.[3] The court of appeals held that the "vacant land" statute is applicable only to surface or fee ownership of real property and that therefore the plaintiff's claim to title of the non-coal mineral interests cannot be validated even though he had complied with all the conditions of the statute. "Fee" ownership as used here means fee absolute from which no interests have been severed.

We agree with the statutory analysis by the court of appeals regarding the non-applicability of the "vacant lands" statute to the facts here. We do not reach the question of whether a person may have "actual possession" of a mineral estate as it is undisputed that plaintiff Webermeier was not in "actual possession" of the mineral estate. Therefore, C.R.S. 1963, 118-7-8,[4] is also not applicable.

In all other respects, we approve the opinion of the court of appeals and adopt its holdings.

The judgment of the court of appeals is affirmed.

---

[3] Now section 38-41-108, C.R.S. 1973.
[4] Id.