572 P.2d 1207 (1977)
Ralph MOOREHEAD, Petitioner,
v.
JOHN DEERE INDUSTRIAL EQUIPMENT CO., Respondent.
No. C-1081.
Supreme Court of Colorado, En Banc.
December 27, 1977.
Rehearing Denied January 16, 1978.
*1208 Carl W. Gellenthien, Pueblo, for petitioner.
Grant, McHendrie, Haines & Crouse, Christopher Norgaard, Charles H. Haines, Jr., Denver, for respondent.
Davis, Graham & Stubbs, Thomas S. Nichols, Denver, for amicus curiae Snowmass Corp.
Edward Olde, Littleton, for amicus curiae Colorado County Treasurers' Assn.
LEE, Justice.
We granted certiorari to consider whether a sale of personal property for delinquent taxes extinguishes a prior security interest and delivers to the tax sale purchaser a clear title. We reverse the court of appeals, John Deere Industrial Equip. Co. v. Moorehead, Colo.App., 556 P.2d 91, and hold that a personal property tax sale under the provisions of section 39-10-111(7), C.R.S.1973, extinguishes all prior liens and encumbrances.
In November 1972, Dennis Dubbell purchased two John Deere backhoes. The seller assigned the retail sale installment contract to respondent John Deere Industrial Equipment Company. John Deere properly perfected a security interest in the backhoes by filing a financing statement. Dubbell failed to pay to Pueblo County the personal property taxes assessed on the backhoes for the taxable years 1973, 1974, and 1975. Pursuant to the procedures in section 39-10-111, C.R.S.1973, the treasurer of Pueblo County seized and sold the backhoes to petitioner Moorehead at a tax sale on June 4, 1975. No representative of John Deere, nor its assignor, appeared or bid at the tax sale.
This appeal arises out of a dispute for possession of the backhoes between the secured creditor, John Deere, and the tax sale purchaser, Moorehead. John Deere brought a replevin action against Moorehead in Pueblo County District Court. Respondent alleged that its security interest in the backhoes was not extinguished by the tax sale and that this prior interest gave it a superior right of possession. Respondent tendered to the court the amount that petitioner had paid at the tax sale. Petitioner Moorehead defended the action by arguing that as a tax sale purchaser he took the backhoes free and clear of all prior liens. The trial court agreed with respondent and granted its summary judgment motion. The court of appeals affirmed.

I.
In Colorado, personal property tax liens, like real property tax liens, are perpetual liens and have priority over all other liens. Section 39-1-107(2), C.R.S.1973.[1] If personal property taxes are not paid, the county treasurer is empowered to distrain, seize, and sell the subject property. Section 39-10-111(1), *1209 C.R.S.1973. Upon such a sale, the treasurer issues a certificate of sale to each purchaser. Section 39-10-111(7) provides:
"In all cases of sale, the treasurer shall issue a certificate of sale to each purchaser, and such certificate shall be prima facie evidence of the right of the treasurer to make such sale and conclusive evidence of the regularity of the proceedings in conducting and making such sale. The treasurer's certificate shall transfer to the purchaser all right, title, and interest of the owner in and to the property sold." (Emphasis added.)
The statute does not expressly specify what effect a personal property tax sale has on prior lien interests. It merely states that such a tax sale "shall transfer to the purchaser all right, title, and interest of the owner in and to the property sold." (Emphasis added.) Section 39-10-111(7), C.R.S.1973.
Both petitioner and respondent frame their arguments in support of their respective positions on the definition of the term "owner," as derived from the Uniform Commercial Code. We are not bound, however, by the technical concepts embodied in the code, for the purposes of the determination herethat of construing the taxing statute. Our primary concern is to ascertain the intent of the legislature, as expressed in the statutory language. Since the tax statute does not make clear what effect a tax sale has on previous personal property liens, we examine prior Colorado case law to supply a rule of decision. Section 2-4-211, C.R.S.1973; Thompson v. People, 181 Colo. 194, 510 P.2d 311. Although we have not found any direct case law that conclusively disposes of the issue, nonetheless, ample guidance is provided by the closely analogous area of real property tax sales and by long-standing Colorado public policy considerations.

II.
It is an established principle of real property law in Colorado that a treasurer's deed issued pursuant to a valid tax sale extinguishes all prior liens, encumbrances, and other charges against the real property and conveys a new and paramount title to the grantee. Webermeier v. Pace, Colo., 563 P.2d 950; Sherman v. Greeley Association, 66 Colo. 288, 181 P. 975; Benedict v. Coriolanus Corp., 30 Colo.App. 306, 491 P.2d 985; Wells v. Brown, 23 Colo.App. 190, 128 P. 869. The real property tax sale statute, section 39-11-136, C.R.S.1973, like the statutory counterpart relating to personal property, only mentions the rights of the "owner" of the property. This section provides that a treasurer's deed:
"* * * shall vest in the purchaser all the right, title, interest, and estate of the former owner in and to the land conveyed and also all right, title, interest, and claim of the state and county thereto." (Emphasis added.) Section 39-11-136, C.R.S.1973.
Both the real property and the personal property statutes on sale for delinquent taxes are silent on the effect of a tax sale on prior liens and encumbrances.
The language of the tax sale statute above, relating to real property, is exactly the same today as it was when it was first enacted in 1902. Colo. Sess. Laws 1902, ch. 3, § 182 at 138. While the legislature has made numerous amendments to other language in the section, it has chosen to keep this language intact. Where statutes are reenacted, the judicial construction placed upon them is deemed to have been approved by the General Assembly, with the understanding that the former construction will be adhered to. Section 2-4-208, C.R.S.1973; Creacy v. Industrial Commission, 148 Colo. 429, 366 P.2d 384. The General Assembly must be assumed to have known of the long-standing real property case law holding that treasurer's deeds extinguish all prior liens. Smith v. Miller, 153 Colo. 35, 384 P.2d 738. With this knowledge, it did not amend this language to change this case law rule.
In enacting the present personal property tax sale statute in 1964, the General Assembly apparently decided to track the language *1210 from its real property counterpart. Colo. Sess. Laws 1964, ch. 94, § 137-10-11(7) at 720. This use of almost identical language indicates a legislative intent that the purchaser at a personal property tax sale should receive the same unencumbered, new, and paramount title as that received by a grantee of a treasurer's deed. We so hold.

III.
Important policy considerations support our decision. We note the fundamental necessity for the unimpaired collection of general tax revenues for the support of our government. An interpretation of the statute which would render the tax collection provisions less effective should not be adopted unless clearly indicated by the statutory language employed.
Persons should be encouraged to purchase personal property sold for delinquent taxes at tax sales. Prospective buyers may be deterred from purchasing if they cannot receive paramount title.[2] If they are not willing to purchase at such sales, tax collections will be less effective.
The holder of a security interest is not without protection. He may contractually require a debtor to annually furnish proof that taxes have been paid and could foreclose if they had not. He can readily consult the required September publication of delinquent taxes which lists all those who have not paid their personal property taxes. Section 39-10-110, C.R.S.1973. Further, he may take cognizance of the publication of the required statutory notice of the personal property which has been distrained and seized by the treasurer, and notice of the time and place of the tax sale. Section 39-10-111(2), C.R.S.1973. Also, he may avoid a tax sale by paying the taxes himself. Section 39-10-111(9). Finally, he may appear at the sale and actually purchase the property to avoid losing his security interest.
Even if a creditor loses his security interest in personal property through a tax sale, he still has his civil remedies arising out of the contractual obligation of the debtor. This result is not unfair to a lien creditor. Even under the Uniform Commercial Code, public policy sometimes dictates that a secured creditor's rights in collateral can be cut off by sales of that collateral. See, e. g., sections 4-9-307 and 4-9-308, C.R.S.1973.
Thus, we are irresistibly led to the conclusion that public policy and prior case law dictate that a treasurer's certificate of purchase, issued pursuant to a sale of personal property, extinguishes all prior liens and encumbrances.
The judgment of the court of appeals is reversed and the cause is remanded to the court of appeals for further proceedings consonant with the views expressed herein.
ERICKSON, J., dissents.
CARRIGAN, J., does not participate.
ERICKSON, Justice, dissenting:
I respectfully dissent. I am not persuaded that public policy considerations or our case law relating to the title acquired by the purchaser at a tax sale of real property controls the outcome of this case. Personal property, by definition, is movable, and creditors with a secured interest are at a particular disadvantage in determining whether personal property taxes have been paid or whether a tax sale is to be held in one of our sixty-three counties to collect a delinquent tax.
In my view, the failure of the General Assembly to require that notice be given to *1211 creditors who have perfected security interests in personal property amounts to a denial of due process. U.S.Const., Amend. V, Colo.Const., Art. II, Sec. 25. To equate, as the majority implicitly does, publication in a local newspaper with personal notice is to ignore the practical problems encountered by secured parties with interests in personal property. When a property right is eliminated without personal notice, as it was in this case, the constitutional due process guarantees dealt with in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and Sniadach v. Family Finance Corporation of Bay-View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) are violated.
The taxing process protected by the majority would not be impeded by fair notice requirements; the statutory priority provisions would still make tax liens superior to all other liens.
Fundamental fairness requires an accommodation of the respective interests of the taxing entity and creditors. Here, the creditor's rights were eliminated and its security interest was lost without notice.
I would require that personal notice be given to creditors with perfected security interests prior to a tax sale.
NOTES
[1] "Taxes levied on real and personal property, together with any penalty interest, advertising costs, and fees prescribed by law with respect to any such taxes as may have become delinquent, shall be a perpetual lien thereon, and such lien shall have priority over all other liens until such taxes, penalty interest, advertising costs, and fees shall have been paid in full."
[2] We note in passing that were a contrary holding reached in this case highly unfavorable results would occur. Presumably, when there are no purchasers at a tax sale, the county will purchase the property. See section 39-10-111(5), C.R.S.1973. But if the outstanding liens are not extinguished, then the county would hold subject to them. In effect, the county would be forced to pay them off in order to use or dispose of the property. But if the amount of the outstanding liens approximates the value of the property, then the county may well end up with less than the taxes owed, if it nets anything at all. Yet, the other lienors would have been paid. This absurd result is inconsonant in view of the statutory priority of tax liens, section 39-1-107(2), C.R.S.1973, and the important public policy of enhancing their collection.