**In re Hans B. CANTRUP and June Allen Moss Cantrup, Debtors.**

**Spencer F. SCHIFFER, Chief Executive Officer for the bankruptcy estate of Hans Cantrup and June Cantrup, Plaintiff,**

v.

**ARVADA STEEL FABRICATING CO., Defendant.**

**Proceeding No. 83 J 2047.**

United States Bankruptcy Court, D. Colorado.

March 6, 1984.

Mark Fulford, Sherman & Howard, Denver, Colo., for plaintiff.

Thomas A. Nolan, Bradley, Campbell & Carney, P.C., Golden, Colo., for defendant.

## ORDER DETERMINING VALIDITY, PRIORITY AND EXTENT OF MECHANICS' LIEN

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for trial on February 29, 1984, on the Plaintiff's Complaint to Determine the Validity, Priority, and Extent of Mechanics' Lien.

From the evidence, pleadings, and discovery herein, the Court finds the following.

In October, 1982, Defendant entered into an agreement to fabricate and erect certain steel stairs for the construction of a complex known as the Aspen Inn in Pitkin County, Colorado, on property owned by the Debtors herein.

On approximately November 23, 1982, the fabrication was completed. *See* Exhibit 2, page 6. Although there was some evidence that the fabricated stairs and supports were delivered to the subject property, the date of that delivery was uncertain. The evidence of that date came from Mr. Eugene Singelman, President of the Defendant, who testified that, to the best of his knowledge, the material was delivered prior to Christmas, 1982.

Beginning with the invoice of November 23, 1982, the Defendant sent monthly bills to Sadeghi & Assoc. (the architects on the project) for November, 1982, through February, 1983, to which accrued interest charges were added each month. No payment was ever received by Defendant.

On March 22, 1983; the Debtor/property owners filed their petition in bankruptcy (Case No. 83–B–01161 G). On April 15, 1983, the Defendant filed a Statement of Lien With Notice of Intent to File a Lien Statement and Affidavits of Service. On April 29, 1983, Defendant filed a document titled, "Request for Hearing—Complaint for Relief from Stay. (*See* attachments to Defendant's Response to Plaintiff's discovery). At that time, a creditor could obtain relief from the automatic stay of 11 U.S.C. § 362 only by the filing of a "complaint" which initiated an "adversary proceeding" and paying a $60.00 filing fee. The Court's records do not reflect the payment of the appropriate fee and thus no summons was issued, nor was an "adversary proceeding" commenced. Rather, the

Court only considered, and docketed the pleading, as a Request for Hearing in response to a notice by the debtor in possession to sell property. That proposed sale never materialized and the matter was never noticed for hearing.

Plaintiff claims that the Statement of Lien filed on April 15, 1983, is void because it constituted a violation of 11 U.S.C. § 362(a)(4) and (5). However, Plaintiff cannot read § 362(a) in a vacuum. 11 U.S.C. § 362(b)(3) is an important exception to § 362(a), and reads as follows:

The filing of a petition . . . does not operate as a stay . . . under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title . . .

Section 546(b) provides as follows:

The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

■ This Court agrees with and adopts the reasoning of Judge Schwartzberg in the case of *In the Matter of Fiorillo & Co.*, 19 B.R. 21 (Bkrtcy.S.D.N.Y.1982) where he analyzes the inter-relationship of sections 362(b)(3) and 546(b) and concludes that the filing of a mechanics' lien statement against the property of a debtor to perfect the mechanics' lien does not violate the automatic stay.

Plaintiff/Trustee next argues that even if that be the law, the lien is not enforceable and can be avoided under § 545(2)

which provides that the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ". . . is not perfected or enforceable on the date of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition . . .". However, the legislative history to § 545 belies this assertion.

. . . Liens that are not perfected or enforceable on the date of the petition against a bona fide purchaser are voidable. If a transferee is able to perfect under section 546(a) [sic] and that perfection relates back to an earlier date, then in spite of the filing of the bankruptcy petition, the trustee would not be able to defeat the lien, because the lien would be perfected and enforceable against a bona fide purchaser that purchased the property on the date of the filing of the petition. . . .

Senate Report No. 95–989, 95th Cong., 2d Sess. 85–86 (1979) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5871.

■ In Colorado, the mechanics' lien, when perfected, does relate back to the time of the commencement of work under the contract, § 38–22–106(1), C.R.S., which, in this case would be no later than December 24, 1983.

The lien statement (*see* attachment to Defendant's Response to Plaintiff's discovery dated February 6, 1984) is valid on its face. Although the Court had some questions at trial about that document, there was no evidence presented to rebut its contents. The evidence showed that the material was delivered "prior to Christmas, 1982". Construing this against the claimant Arvada Steel to mean December 24, 1982, (because that would establish its priority date) then the lien statement was timely filed on April 15, 1983, i.e. within four months as per § 38–22–109(5), C.R.S. The lien was thus perfected and related back to December 24, 1982.

■ The Trustee next argues that the claimant failed to comply with § 38–22–110, C.R.S., or, in the alternative with 11 U.S.C.

§ 546(b). Section 110 of the Colorado lien statute provides that no lien survives past six months after the last materials are furnished unless suit is commenced and a *lis pendens* is filed. The Code, in § 546(b) seems to allow a claimant caught in this time squeeze, but prohibited from commencing such a suit by 11 U.S.C. § 362, to substitute a notice in lieu of commencing a suit. But upon careful reading of § 546(b) it is obvious it does not apply. It provides that "If such law requires ... commencement of an action to accomplish such *perfection* ..., such interest ... shall be *perfected* by notice ...". The lien here was *perfected* upon the filing of the lien statement. Nothing more need be done. And 11 U.S.C. § 108 tolls the running of the six month period of 38–22–110, C.R.S., until 30 days after relief from stay is granted or the underlying bankruptcy case is terminated.

The lien statement asserts a lien in the amount of $32,100.00. However, the evidence showed that the value of the labor and materials furnished was only $22,395.21. It is, therefore,

ORDERED, ADJUDGED AND DECREED that Arvada Steel Fabricating Co. has a valid and existing mechanics' lien in the sum of $22,395.21 as of December 24, 1982, on the property known as the Aspen Inn in Pitkin County, Colorado, more fully described in the property description attached to the lien statement filed in the Pitkin County Clerk's Office on April 15, 1983.

FURTHER ORDERED that within 10 days of the date of this Order, any party may file a written request for the withdrawal of his exhibits received in evidence or in the possession of the Court. Upon conclusion of all appellate review pertinent hereto, or upon expiration of time to initiate such review, as the case may be, exhibits so requested shall be returned. Thereafter, the Clerk may destroy or otherwise dispose of any exhibits not requested and returned in accordance with this Order.