**In re NASH PHILLIPS/COPUS, INC.**
**Nash Phillips/Copus–Houston, Inc.**

**Nash Phillips/Copus–San Antonio, Inc., Debtors.**

**NASH PHILLIPS/COPUS, INC., Plaintiff,**

v.

**EL PASO FLOOR, INC., Defendant.**

**Bankruptcy Nos. 87–10361, 87–10362 and 87–10363.**
**Adv. No. 87–1217.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

Oct. 16, 1987.

Griggs and Harrison, Houston, Tex., James C. Moore, for NP/C.

Michael R. Bromley, P.C., Colorado Springs, Colo., for El Paso Floors, Inc.

## MEMORANDUM OPINION

LARRY E. KELLY, Bankruptcy Judge.

On the 11th day of September came on to be considered the application of NPC, Inc. ("Plaintiff" or "NP/C") seeking a preliminary injunction against El Paso Floor, Inc., ("Defendant" or "El Paso"), and the Court, after reviewing stipulations of facts, legal issues and hearing argument of counsel makes this its memorandum opinion and enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACTS

1. Plaintiff is Nash Phillips/Copus, Inc., Debtor and Debtor-In-Possession, with principal offices in Austin, Texas.

2. Defendant El Paso Floor, Inc. is a Colorado corporation with an office in Colorado Springs, Colorado. Its attorney of record is Michael R. Bromley, 320 East Costilla, Colorado Springs, Colorado, 80903.

3. NP/C filed for protection under Chapter 11 of the Bankruptcy Code on March 2, 1987, and is serving as Debtor–In–Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. Defendant is a materialman for NP/C in Colorado Springs, Colorado. In the aggregate, El Paso Floors, Inc. is owed approximately $15,000.00 from NP/C. All debts owed are pre-petition.

5. On or about June 8, 1987, some three months after NP/C filed for protection under Chapter 11, El Paso Floors, Inc. filed a Complaint In Foreclosure of Mechanic's Liens in a Colorado State Court, naming as Defendant NP/C and others. Defendant

issued summons to the attorney for NP/C, although service was not effectuated on the Debtor NP/C. El Paso also filed liens against a variety of properties listing NP/C as the contractor. Defendant also sent a letter to NP/C's first lienholder, Mountain View Mortgage Company regarding these actions.

6. El Paso has refused to dismiss its lawsuits, asserting that they are allowed under 11 U.S.C. § 546.

7. Debtor asks that sanctions be imposed, pursuant to 11 U.S.C. § 362(h) against El Paso.

8. El Paso argues that it is required by Colorado law to not only file a lien statement of record, but to commence a law suit within six months after the last work or labor is performed or material is furnished in order to perfect its lien.

9. Several phone conversations were held between counsel for El Paso and counsel for NP/C relating to these matters. Notwithstanding such conversations, counsel for El Paso Floors proceeded to file the state court action and by letter of July 7, 1987 indicated to NP/C that it was "considering releasing its lien depending on the amounts to be distributed to his client."

10. On July 21, 1987 an Application For Temporary Restraining Order and Preliminary Injunction to prohibit continuation of an action in violation of the automatic stay and Motion for Sanctions was filed by NP/C against El Paso and on the 22nd day of July, 1987 the parties appeared and agreed to a Temporary Restraining Order and to extend such Temporary Restraining Order until there is a final adjudication of this issue. The Application For Preliminary Injunction came on to be heard as indicated above on the 11th day of September, 1987 and at that time the parties further agreed to extend the Temporary Restraining Order until such time as this Order was entered. This Preliminary Injunction Order is intended to replace the Temporary Restraining Order.

## ISSUES PRESENTED

El Paso asserts that perfection of a mechanics lien in Colorado requires a two-step process. Specifically, El Paso claims that a lien statement must be filed within the county clerk within a period of time after the date on which the last work was performed or materials furnished and that a second step is also required; that is, that lien claimant must file an action against the Debtor in the state court. NP/C asserts that filing is all that is required under Colorado law for perfection and that 11 U.S.C. § 108 tolls the second step of filing a law suit. NP/C asserts that it is entitled to an injunction and damages under 11 U.S.C. § 362(h).

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter under 28 U.S.C. § 157(b)(2)(B),(G), (K), and (O) as a core proceeding.

2. This Court has authority to grant the relief being sought herein pursuant to 11 U.S.C. § 105(a), 362(h), and Bankruptcy Rule 7065.

3. Applicable statutes involved:

A. 11 U.S.C. Section 362

(a) Except as provided in subsection (b) of this section, a petition filed ... operates as a stay applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtor that arose before the commencement of the case under this title;

(4) any act to create, perfect or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the Debtor, any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

(b) the filing of a petition ... does not operate as a stay—

(3) Under Subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b) of this title ...

B. 11 U.S.C. Section 546

(b) the rights and powers of a trustee under Sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that requires rights in such property before the date of such perfection. In such law requires seizure of such property *or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition,* such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement. (emphasis added).

C. 11 U.S.C. Section 108

(c) Except as provided in Section 524 of this title, if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ..., and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case: or

(2) thirty (30) days after notice of the termination or expiration of the stay under Section 362 ...

D. Colorado General Mechanic's Lien Statute Section 38–22–109. Lien Statement

(1) Any person wishing to avail himself of the provisions of this Article shall file for record, in the Office of the County Clerk and Recorder of the County wherein the property, or the principal; thereof, to be effective by the lien as situated, a statement containing ...

(5) Except as provided in Subsection (10) and (11) of this Section, the lien statements of all other lien claimants must be filed for record at any time before the expiration of four (4) months after the date on which the last work was performed or the last material furnished by such lien claimant.

E. C.R.S. 38–22–110. Action Commenced Within Six (6) Months

No lien claimed by virtue of this Article ... shall hold the property longer than six (6) months after the last work or labor is performed, or materials furnished, or after the completion of the building, structure, or other improvement as prescribed in Section 38–22–109, unless an action has been commenced within that time to enforce the same, and unless a notice stating that such action has been commenced is filed for record within that time in the Office of the County Clerk and Recorder of the County in which said property is situated.

■ 4. El Paso has stated in its brief in support of its Motion for Summary Judgment with this Court that the provisions of C.R.S. 38–22–110 "clearly require that in order to perfect a mechanics lien, a lien claimant must take a further step in filing an action and filing a lis pendens ...". However, this Court has been directed to the opinion of *In re Cantrup*, 38 B.R. 148 (Bankr.D.Colo.1984). In that decision the debtor/property owners filed their petition in bankruptcy on March 22, 1983. On April 15, 1983 the defendant therein (Arvada Steel Fabricating Co.) filed a Statement of Lien with notice of intent to file a Lien Statement and Affidavits of Service. Then, on April 29, 1983 Arvada filed a document titled "Request For Hearing—Complaint For Relief From Stay." One of the Debtor Cantrup's claims was that Arvada failed to comply with C.R.S. Section 38–22–110 or, in the alternative with 11 U.S.C. § 546(b). The following holding from *Cantrup* appears to provide guidance as to the issue before this Court concerning

whether a mechanic's lien claimant faced with a bankruptcy situation is protected under Colorado law if it takes no further action beyond the mere filing and recording of a mechanic's lien complaint when a bankruptcy filing intervenes before a civil action could be commenced.

"Section 110 of the Colorado Lien Statute provides that no lien survives past six (6) months after the last date materials are furnished unless suit is commenced and a lis pendens is filed. The Code, in Section 546(b) seems to allow a claimant caught in this time squeeze, but prohibited from commencing such a suit by 11 U.S.C. Section 362, to substitute a notice in lieu of commencing a suit. But upon careful reading of Section 546(b), it is obvious it does not apply. It provides that 'if such law requires ... commencement of an action to accomplish such *perfection* ..., such interest ... shall be *perfected* by notice ...'. The lien here is *perfected* upon the filing of the lien statement. Nothing more need be done. And 11 U.S.C. Section 108 tolls the running of the six (6) month period of 38–22–110, C.R.S., until thirty (30) days after relief from stay is granted or the underlying bankruptcy case is terminated." 38 B.R. at 151.

5. The holding from the *Cantrup* Court is clear: Filing the lien statement under C.R.S. 38–22–109 is all that is needed to perfect a mechanic's lien under Colorado law. Section 38–22–110 of the Colorado statute clearly states that in order for such a lien to hold property for longer than six (6) months after the last work has been completed, an action must be commenced within that six-month period to *enforce* the lien as perfected under 38–22–109. However, Section 38–22–110 states on its face that it is an *enforcement statute* and Section 362 of the Bankruptcy Code in subparagraph (a)(4) specifically prohibits the filing of suit to enforce any lien against property of the debtor's estate. See e.g., *In re Bain*, 64 B.R. 581, 583 (Bankr.W.D.Vir. 1986).

6. In another bankruptcy court decision from Colorado, *In re Colter, Inc.*, 46 B.R. 510 (Bankr.D.Colo.1984) aff'd. 47 B.R. 1008 (U.S.D.C.Colo.1985) the court found

"... On the basis of *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), *In The Matter of Village Properties, Ltd.*, 723 F.2d 41 (5th Cir.1984), and the clear language of 11 U.S.C. Section 546(b) and Section 552(b), Colorado state law and fundamental fairness, it seems to me that the filing of notice under Section 546(b) of the Code, postpetition, *is the most a secured creditor can do in the face of the automatic stay imposed by 11 U.S.C. Section 362.* This notice constitutes sufficient perfection of the secured creditors' interest ...". (emphasis provided).

7. Bankruptcy courts do distinguish between perfecting a lien and enforcing a lien. The Bankruptcy Code also recognized this distinction in Sections 362 and 546(b). The first sentence of Section 546(b) clearly permits a party to perfect its interest according to applicable state law. The second sentence of 546(b) also recognizes that there may be situations where an action must be commenced in the course of such perfection. In order to prevent costly and time consuming litigation, the second sentence of 546(b) permits the filing of notice to temporarily satisfy the perfection requirements in states where both a filing and a lawsuit are required; and it also permits the filing of notice to maintain such perfection in situations where a lawsuit would otherwise be required to maintain perfection. When a lawsuit must accompany the filing for an initial perfection, or when a suit must be commenced within a certain period of time to maintain an already perfected interest, Section 108 provides the security for parties caught in this bind by tolling the applicable statute of limitations. This is the logical progression through the Bankruptcy Code which El Paso appears to have overlooked and its action filed against NP/C is a clear violation of Section 362(a)(4) and (5).

8. Section 362(h) provides that, "An individual injured by any wilful violation of a stay provided by this section shall recover actual damages, including costs and attor-

neys' fees, and, in appropriate circumstances, may recover punitive damages."

9. *In re Tel–A–Communications*, 50 B.R. 250 (Bankr.D.Conn.1983) states that "all that is necessary to trigger the subsection (h) sanctions is (1) that the defendant's action violated the stay and (2) that such action was willful." *Id.* at 254. In discussing that "willful" means, the court wrote "courts have construed willful to mean intentional or deliberate" and then went on to state that

"Notwithstanding the defendant's claim that it acted in the good faith belief that post petition repossession was justified, the facts here clearly demonstrate that the defendant's agents not only aced intentionally but also with arrogant defiance of federal law. Sanctions under Code § 362(h) are therefore mandatory, and in this instance, punitive damages are appropriate."

*Id.* at 255.

10. Other bankruptcy courts have similarly relied on the clear provisions of § 362(h) to impose sanctions for violation of the automatic stay. See, e.g. *In re AM International, Inc.*, 46 B.R. 566 (Bankr.M.D.Tenn.1985); *In re LaTempa*, 58 B.R. 538, 14 CBC2d 949, 952 (Bankr.W.D.Va. 1986).

■ 11. Section 362(h) refers only to an "individual" harmed by a violation of the automatic stay. The prevailing viewpoint among the judiciary and commentators is that "individual" includes other entities, such as corporations. See, 2 Collier on Bankruptcy, 362–72 (15th Ed.1984) stating that

"[T]hese rigidities in the statute are unlikely to prove troublesome since entities other than individuals should be entitled to protection under the case law ...".

See also *Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289 (4th Cir. 1986); *In re Tel–A–Communications Consultants, Inc.* 50 B.R. 250 (Bankr.D.Conn. 1985). This Court is convinced that subsection (h) must be read with the rest of Code Section 362. A reading of that subsection does not suggest any basis for such a narrow construction and in light of the intent of Code Section 362(a) to give debtors broad relief from all entities it seems highly unlikely that only individual debtors are intended to have a remedy against those who willfully violate the automatic stay. This narrow interpretation is rejected by this Court.

## CONCLUSION

■ This Court concludes that when the preceding statutes are read in conjunction with one another, the method for perfection and maintaining perfection of a mechanic's lien becomes very clear. Section 546(b) recognizes that generally applicable law should control the requirement for perfection of an interest, which under Colorado Statute 38–22–109 requires the filing of a lien before the expiration of four months after the work is completed. Perfection of the mechanic's lien is complete once those requirements are met. To the extent that C.R.S. 38–22–110 requires the commencement of an action within six months to maintain that interest, Section 108(c)(1) and (2) of the Bankruptcy Code tolls this period. The action taken by El Paso in this instance violates the automatic stay and although this Court does not believe it was in flagrant disregard of the rights of this Court, it was a willful and deliberate action. This court believes that based upon the evidence before it that NP/C should recover its reasonable legal fees and costs, but punitive damages should not be imposed. Upon review of the facts before it, this Court finds that a reasonable legal fee in the amount of $4500 and reasonable cost of $750 should be allowed. A separate order will be entered of even date herewith granting these damages.