In re MALLARD POND
PARTNERS, Debtor.

MALLARD POND PARTNERS, Debtor
in Possession, Movant,

v.

COMMERCIAL BANK & TRUST
COMPANY, Respondent.

Bankruptcy No. 89–29321–K.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

April 25, 1990.

Stephen W. Ragland, Memphis, Tenn., for CBTC.

Henry C. Shelton, III, Memphis, Tenn., for debtor.

Jimmy L. Croom, Staff Atty., U.S. Trustee, Region VIII, Memphis, Tenn.

## MEMORANDUM ORDER REGARDING WHETHER ENTITIES OTHER THAN "INDIVIDUALS" ARE ALSO ENTITLED TO RELIEF UNDER § 362(h) OF THE BANKRUPTCY CODE

DAVID S. KENNEDY, Chief Judge.

Query, are entities [1] other than "individuals" also entitled to protection under § 362(h) of the Bankruptcy Code. Although subsection (h) of § 362 is on its face clearly limited to "individuals", case law under § 362(h) has construed the word "individual" to include a corporation. This court holds for purposes of § 362(h) that the word "individual" also includes a partnership debtor. This Memorandum is limited to this very narrow issue.

Proceedings under § 362(h) are core proceedings under the Bankruptcy Code. 28 U.S.C. § 157(b)(1) and (2)(A) and (G); see also, e.g., *In re Depew*, 51 B.R. 1010 (Bankr.Ct.E.D.Tenn.1985); *Budget Service Co. v. Betty Homes of Virginia*, 804 F.2d 289 (4th Cir.1986).

In this proceeding the movant, the above-named debtor in possession, Mallard Pond Partners, a limited partnership ("Debtor"), seeks, inter alia, recovery of damages, costs, attorneys' fees, and punitive damages based on alleged violations of the § 362(a) automatic stay provisions against the respondent, Commercial Bank and Trust Company ("CBTC"), pursuant to § 362(h) of the Bankruptcy Code.

Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, § 362 [2] now provides:

> "(h) An *individual* injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." (emphasis added).

On November 20, 1989, the debtor filed an original petition under chapter 11 of the Bankruptcy Code. Scheduled as a holder of a disputed secured claim is CBTC. Prior thereto and on September 28, 1989, CBTC filed a complaint, No. 97752–3 in the Shelby County, Tennessee Chancery Court seeking a money judgment against the defendants therein, the debtor and John W. McArtor.

The filing of the debtor's chapter 11 case on November 20, 1989, resulted in an automatic stay of actions against it including the aforesaid State court lawsuit by virtue of § 362(a). The automatic stay arises by operation of law and requires no judicial action. Debtors' right to the automatic stay under § 362 and their right to damages under § 362(h) for willful violation of the stay are congressionally created rights under title 11. As the underlying legislative history to § 362 makes clear:

> "The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws.* It give the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> "The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claim in preference to and to

---

1. It should be noted that the word "entity" is very broadly defined in § 101(14) of the Bankruptcy Code and includes, among others, "person", which includes individual, partnership, and corporation in § 101(35). The Bankruptcy Code does not define the word "individual".

2. The reasons for this statutory addition have not been stated. 2 *Collier On Bankruptcy,* ¶ 362.13, p. 362–79 (15th ed.)

the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevent that." H.R.Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in* U.S.Code Cong. & Ad.News 5963, 6296 (emphasis supplied).

On March 27, 1990, the debtor filed the instant "Debtor's Motion For Sanctions For Violation Of Automatic Stay" contending, inter alia, that on March 8, 1990, CBTC filed an amended complaint in the aforesaid Shelby County, Tennessee, Chancery Court lawsuit against the debtor which allegedly violated the § 362(a) automatic stay. On April 20, 1990, CBTC filed an "Objection of Commercial Bank & Trust To Debtor's Motion For Sanctions For Violation Of Automatic Stay" denying that it violated the automatic stay. Moreover, CBTC asserts that the debtor's instant motion under § 362(h) should be denied because the debtor is a limited partnership and § 362(h) is limited to individuals.[3]

The narrow and ultimate question here for judicial determination is, as noted, whether entities other than individuals are also entitled to protection under § 362(h).

Actions taken in violation of the automatic stay are generally void, even if the creditor had no notice of the § 362(a) stay.[4] See, e.g., *In re Smith*, 876 F.2d 524 (6th Cir.1989); *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). An exception may exist in rare cases on equitable grounds. See, e.g., *In re Smith Corset Shops, Inc.*, 696 F.2d 971 (1st Cir. 1982); *In re Smith*, supra.

Courts have relied on the clear provisions of § 362(h) to impose sanctions for violation of the automatic stay. See, e.g., *Arch-*

*er v. Macomb County Bank*, 853 F.2d 497 (6th Cir.1988), where the Sixth Circuit stated at p. 500:

"If the bankruptcy court believes that the amount of such actual damages is insufficient to deter the kind of deliberate and repeated violations of the automatic stay which are evident in this case, the bankruptcy court is free to impose an appropriate amount of punitive damages. We leave that to the bankruptcy court's discretion."

§ 362(h) must be read in conjunction with the rest of § 362 and its sanctions are not limited to the relief of an "individual" in the literal sense. See, e.g., *Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289, 292 (4th Cir.1986); *In re Tel–A–Communications Consultants, Inc.*, 50 B.R. 250 (Bankr.Ct.Conn.1985); *In re Nash Phillips/Copus, Inc.*, 78 B.R. 798 (Bankr. Ct.W.D.Tex.1987); *In re NWFX, Inc.*, 81 B.R. 500 (Bankr.Ct.W.D.Ark.1987); 2 *Collier On Bankruptcy*, ¶ 362.12 p. 362–79 (15th ed.).

In *Budget Service Co. v. Better Homes of Virginia*, supra, 804 F.2d at p. 292, the Fourth Circuit agreed with the reasoning of *In re Tel–A–Communications Consultants*, supra, that § 362(h) must be read in conjunction with the rest of § 362 and that its sanctions are not limited to the relief of an "individual" in the literal sense and stated:

"The Bankruptcy Code does not define the word individual. We agree that it seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the [Bankruptcy] Code as opposed to debtors which are corporations or other entities. Such a narrow construction of the term

---

**3.** CBTC states, inter alia, that "it only requested the issuance of an alias summons against [defendant] McArtor and did not request the issuance of an alias summons against the debtor." Pp. 3–4 of CBTC's objection filed on April 20, 1990.

**4.** However, it is parenthetically noted that § 549(c) contains an important limitation on this principle by protecting good faith purchasers of real property and purchasers at a judicial

sale of real property located in a county other than the one in which the case was commenced, unless a copy of the bankruptcy petition was filed in the office in such county in which conveyances of real property are recorded. See, e.g., *Heffron v. Western Loan & Building Co.*, 84 F.2d 301 (9th Cir.1936), cert. den. 299 U.S. 597, 57 S.Ct. 189, 81 L.Ed. 440 (1936) (decided under the former Act).

would defeat much of the purpose of the section, and we construe the word 'individual' to include a corporate debtor."

In *In re Tel–A–Communications Consultants, Inc.*, supra, 50 B.R. at p. 254, Judge Shiff stated:

"The initial question then is whether or not Congress intended the subsection (h) sanctions to apply only in favor of *individual* debtors as the language of that subsection literally provides. I think not. Subsection (h) must be read with the rest of Code § 362. A reading of that subsection suggests no basis for such a narrow construction. On the contrary, the automatic stay provided by Code § 362(a) was intended to give all debtors broad relief from all entities. As the legislative history of Code § 362 states:

" 'The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'

"House Report No. 95–595, 95th Cong., 1st Sess. 340–2 (1977); Senate Report No. 95–989, 95th Cong.2d Sess. 54, 55 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5840, 6296–6297. It seems highly unlikely that only individual debtors were meant to have a remedy against those who willfully violate the automatic stay designed to protect all debtors. There is no legislative history to suggest that result and, moreover, the defendant has not claimed such a narrow reading of subsection (h)."

In 2 *Collier On Bankruptcy*, ¶ 362.12, p. 362–79 (15th ed.), the commentator states:

"As a result of the 1984 legislation, subsection (h) was added to section 362, providing for a recovery of damages, costs, and attorneys' fees by an individual dam-aged by a willful violation of the stay. In the appropriate case, punitive damages may also be recovered. *The reasons for this statutory addition have not been stated and hence the reasons for limiting its benefits to individuals and for making the recovery mandatory are not entirely clear. Nonetheless these rigidities in the statute are unlikely to prove troublesome since entities other than individuals should be entitled to protection under the case law discussed in § 362.11 supra,* and since a willful violation in a case in which an individual is damaged should result in a recovery of damages including attorneys' fees and costs." (emphasis added.)

*Black's Law Dictionary*, Revised Fourth Edition, defines the word "individual" at p. 913 as follows:

"As a noun, this term denotes a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association; *but it is said that this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons. State v. Bell Telephone Co.,* 36 Ohio St. 310, 38 AmRep. 583."

Accordingly, the court summarily denies the portion of CBTC's instant objection seeking denial of the debtor's instant § 362(h) motion based solely on the fact that the debtor here is a partnership and not an individual. That is, this court holds that for purposes of § 362(h) the word "individual" is construed to include a partnership (or corporate) debtor.[5]

The foregoing shall constitute findings of fact and conclusion of law in accordance with Bankr.Rule 7052.

IT IS SO ORDERED.

---

**5.** A bifurcated hearing on the merits of the debtor's instant motion is set for hearing on May 7, 1990, at 9:30 a.m. on the liability issue. See, e.g., *Archer v. Macomb County Bank,* 853 F.2d 497 (6th Cir.1988). If liability exists, a subsequent evidentiary hearing shall be scheduled on the damage issue.