**In re PRAIRIE TRUNK RAILWAY, Debtor.**

**Bankruptcy No. 85 B 09421.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 14, 1991.

David G. Lynch, Rudnick & Wolfe, Chicago, Ill., for Gallatin County State Bank.

Richard M. Kates, Chicago, Ill., for Consolidated Rail Corp.

MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Consolidated Rail Corporation ("Conrail") for damages against Gallatin County State Bank (the "Bank") for willful violation of the automatic stay pursuant to 11 U.S.C. § 362(h), and on the motion of the Bank for summary judgment on Conrail's motion pursuant to Federal Rule of Civil Procedure 56, incorporated by reference in Federal Rule of Bankruptcy Procedure 7056. For the reasons set forth herein, the Court having reviewed the

pleadings and the exhibits attached thereto, hereby denies the motion of Conrail for damages against the Bank for willful violation of the stay. The Court hereby grants the motion of the Bank for summary judgment.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these motions pursuant to 28 U.S.C. § 1334 and General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

The threshold issue is whether the language of section 362(h) which provides relief to "individuals" should be construed to permit relief to corporate or other artificial legal entities as well. Many of the relevant facts and background of the case and a discussion of the section are contained in an earlier Opinion of the Court. *See In re Prairie Trunk Railway,* 112 B.R. 924 (Bankr.N.D.Ill.1990). Pursuant to that decision, the Court held that the Bank willfully violated the automatic stay under section 362(a). The Court, however, found that the cause of action created by section 362(h) is available only to debtors or their pre-petition creditors, and does not provide a remedy to third parties not protected by the scope of the automatic stay. The issue of whether section 362(h) includes relief to a corporate or other artificial legal entity, rather than a natural person was not argued or decided. Conrail is undisputedly not a natural person, but is the holder of a pre-petition claim. The Bank asserts that Conrail is not an "individual" to whom relief under section 362(h) is available.

Pursuant to the instant motion filed by Conrail, it seeks a hearing as to actual damages, costs, attorneys' fees and punitive damages against the Bank under section 362(h). The Bank seeks summary judgment based upon the recent decision of *In re Chateaugay Corp.,* 920 F.2d 183 (2d Cir.1990), which held that only a natural person can recover damages under section 362(h), creating a split among the circuits that have addressed this issue. Conrail cites and relies upon *In re Atlantic Business & Community Corp.,* 901 F.2d 325 (3d Cir.1990) and *Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289 (4th Cir.1986) from the Third and Fourth Circuit Courts of Appeal, respectively. *Better Homes* was the first circuit opinion to construe the word "individual" in section 362(h) to include a corporation. The Seventh Circuit Court of Appeals has not decided the issue, nor has the District Court for the Northern District of Illinois taken a position on the matter. Thus, the Court must determine whether it should follow *Chateaugay* as urged by the Bank, or *Better Homes* as argued by Conrail.

## III. APPLICABLE STANDARDS

### A. SUMMARY JUDGMENT

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see also Donald v. Polk County,* 836 F.2d 376, 378–379 (7th Cir. 1988).

In 1986, the Supreme Court decided a trilogy of cases which encourage the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The primary purpose for granting a summary judgment motion

is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Ass'n*, 806 F.2d 146, 149 (7th Cir.1986)). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552; *Matsushita*, 475 U.S. at 585–586, 106 S.Ct. at 1355–56. There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the nonmoving party. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–250, 106 S.Ct. at 2511 (citations omitted); *see also Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.1987), *cert. denied*, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987).

Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, rather its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53; *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *Patrick v. Jasper County*, 901 F.2d 561, 564–566 (7th Cir.1990). Moreover, all reasonable inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Davis v. City of Chicago*, 841 F.2d 186, 189 (7th Cir. 1988); *Marine Bank, Nat. Ass'n v. Meat Counter, Inc.*, 826 F.2d 1577, 1579 (7th Cir.1987); *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir.1987); *Bartman v. Allis–Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir.1986), *cert. denied*, 479 U.S. 1092, 107 S.Ct. 1304, 94 L.Ed.2d 160 (1987); *In re Calisoff*, 92 B.R. 346, 350–351 (Bankr.N.D.Ill.1988). Furthermore, the existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under the applicable law. *Donald v. Polk County*, 836 F.2d at 379; *Wallace v. Greer*, 821 F.2d 1274, 1276 (7th Cir.1987); *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.1983) (en banc), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

Rule 12 of the General Rules of the United States District Court for the Northern District of Illinois adopted by the General Order of the Bankruptcy Court on May 6, 1986, requires that the party moving for summary judgment file a detailed statement of material facts as to which they contend there is no genuine issue. The statement must include specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the summary judgment relief sought. Failure to submit such a statement constitutes grounds for denial of the motion. Rule 12 also requires that the party opposing the motion file a statement of material facts as to which there is a genuine issue. If the opposing party's Rule 12 statement fails to deny the facts set forth in the movant's statement, those facts will be deemed admitted.

Neither party has filed its requisite Rule 12 statement. Hence, the Court could deny the Bank's motion. The only material fact, however, is undisputed because Conrail is not a natural person, but a corporate or other artificial legal entity. The issue challenges Conrail's standing to invoke relief under section 362(h). Consequently, the matter is really a question of law which the Court will resolve before both parties are put to further trouble, expense, and cost of trial on this theory of recovery.

### B. 11 U.S.C. § 362(h)

■ Section 362(h) provides as follows: An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

This section was added by the 1984 amendments to the Bankruptcy Code without the

benefit of any legislative gloss. *See* 1984 U.S.Code Cong. & Ad.News 576–606. The language creating the statutory cause of action is confined to an "individual." Prominent secondary authorities question its availability as a remedy for use by entities who are not natural persons. One authority concludes that only individuals are protected. 2 Cowans, *Bankruptcy Law and Practice,* § 11.3 at 292 (rev. ed. 1989). Another authority questions whether courts can continue to make awards for willful stay violations in cases of non-individual debtors. 1 Ginsberg, *Bankruptcy: Text, Statutes, Rules,* § 3.01(b) at 200 (2d ed. 1989 and 1990 Supp.). A third authority notes that the reasons for the addition of section 362(h) have not been stated, and hence the reasons for limiting its benefits to individuals for making the recovery mandatory are not entirely clear. 2 *Colliers on Bankruptcy,* ¶ 362.12 at 362–75 (15th ed. 1990).

Various courts have interpreted section 362(h) to allow corporations which are not individual debtors to recover damages for willful violations of the stay. *See e.g., Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289 (4th Cir.1986); *In re Atlantic Business & Community Corp.,* 901 F.2d 325 (3d Cir.1990) (adopted the holding of *Better Homes* without discussion); *In re Mallard Pond Partners,* 113 B.R. 420 (Bankr.W.D.Tenn.1990); *In re Schewe,* 94 B.R. 938, 948 (Bankr.W.D.Mich. 1989) (adopted *Better Homes* without discussion); *In re Inslaw Inc.,* 88 B.R. 484 (Bankr.Dist.Col.1987) (adopted *Better Homes* without discussion); *In re Nash Phillips/Copus, Inc.,* 78 B.R. 798 (Bankr. W.D.Tex.1987); *In re NWFX, Inc.,* 81 B.R. 500, 503 n. 3 (Bankr.W.D.Ark.1987); *In re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bankr.D.Conn.1985). In contrast, *Chateaugay* held that the plain language of section 362(h) prevents application of that section to benefit debtors that are not natural persons.

## IV. DISCUSSION

The Court concludes that the approach taken in *Chateaugay* represents the better view that only natural persons can recover damages as individuals under section 362(h). *Chateaugay* first noted the plain meaning rule of statutory construction should be followed as prescribed by the Supreme Court in *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Next, the Court pointed out that although the word "individual" is not defined in the Bankruptcy Code, "person" as defined in section 101(35), includes "individual, partnership and corporation." Moreover, the *Chateaugay* court criticized the conclusions reached in *Better Homes* and the other courts following that holding, as exceeding the *Ron Pair* rule of construction. All courts agree there is a wide breadth of the stay, applicable for all debtors under section 362(a), which was enacted in 1978 with substantial legislative history. Section 362(h) by contrast, was enacted in 1984 without benefit of any legislative history to indicate that its sanctions for willful violations of the stay should be equally broad for the benefit of the undefined individuals protected by that section. Consequently, arguments relied on in *Better Homes* and its progeny such as *Nash Phillips/Copus* and *Tel–A Communications* that Congress likely intended to apply section 362(h) for the benefit of all debtors and all creditors are purely speculative. *See Better Homes* 804 F.2d at 292. Because another remedy is available, the construction made in *Chateaugay* does not really defeat the purpose of the section.

*Chateaugay* noted that the inclusion of section 362(h) was within the subtitle entitled "Consumer Credit Amendments" relating only to individuals in the Bankruptcy Amendments and Federal Judgeship Act of 1984. *Chateaugay* concluded that it was entirely plausible that the use of the word "individual" was intentional and that Congress was therefore enacting a series of measures to benefit only natural persons. This conclusion, however, is also speculative in light of the complete absence of legislative history to section 362(h). Rather than engage in further judicial conjecture about whether Congress may or may not have intended to include corporations

or other legal entities including natural persons within the scope of section 362(h) relief, the Court will follow the *Ron Pair* plain meaning analysis and stop at the conclusion that individual usually means a natural person in the common usage of the word. If use of the word "individual" in section 362(h) was the result of legislative oversight and non-natural persons and legal entities were intended to be protected by the statute, it is a matter for Congress to legislate, not the Court.

The Court in the case at bar, declines to hold that section 362(h) extends its private cause of action to Conrail, as it is not an "individual" in the common usage of the word. *Black's Law Dictionary* (5th ed. 1979) defines the term "individual" as follows:

> a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association; but it is said that this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons.

Conrail argues and *Mallard Pond* emphasized the latter portion of the definition in reaching a contrary result. *Mallard Pond* 113 B.R. at 423. The Court, however, concludes that the former portion of the definition is more in keeping with the plain meaning rule of construction mandated by *Ron Pair*. Conrail is clearly not a natural or a single person so the usual signification or a common interpretation of the plain meaning of the term would exclude Conrail. An ambiguity exists as to the identity of those classes of "individuals" who may invoke the private cause of action created by section 362(h). The polarity of the decisions in *Chateaugay* on the one hand, and *Better Homes* and its progeny on the other, demonstrates the ambiguity in the term.

The lack of a statutory definition in the Bankruptcy Code for "individual" coupled with a complete absence of legislative history to section 362(h) is unfortunate. Other provisions of the Bankruptcy Code, however, lend support for the Court's conclusion, and by negative inference, show that

Congress has defined other entities to specifically exclude "individuals" where it clearly intended to except natural persons from the defined term. Section 101(8)(A)(i) defines "corporation" to include various associations, companies and business trusts having a power or privilege that a private corporation, but not an individual or a partnership possesses. *See* H.R.Rep. No. 595, 95th Cong. 1st Sess. 309 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 22 (1978). As *Chateaugay* noted, "person" as defined in section 101(35) includes individual, partnership and corporation excluding certain governmental units. *See* H.R.Rep. No. 595, 95th Cong. 1st Sess. 313 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 25 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Thus, in those defined sections of the Bankruptcy Code, individuals are separately distinguished from partnerships, corporations, and other artificial legal entities distinct from natural persons. Only an "individual" within the other limits of section 109(e) is eligible for relief as a debtor under Chapter 13 in a proceeding for adjustment of debts of an individual with regular income. There is no serious contention that relief under Chapter 13 is for other than human beings as noted by *Chateaugay* with reference to the statutory definition of "relative" contained in section 101(39).

Similarly, only an "individual debtor" may claim exemptions under section 522(b) and (d), is subject to the substantial abuse dismissal provisions under section 707(b), and is eligible for a discharge pursuant to section 727(a)(1). Nowhere are the terms "individual debtor" or "debtor is not an individual" defined. It is virtually universally held, however, that those provisions of the Bankruptcy Code are applicable only to natural persons (human beings) who seek relief as debtors, not artificial persons like corporations, partnerships and other such entities. Hence, those non-exhaustive examples display a clear-cut statutory pattern affording certain rights and special treatment for human beings separate and apart from other forms of legal entities. Following the plain meaning doctrine as mandated by *Ron Pair* and construed by *Chateaugay* leads the Court to conclude

that the better view of section 362(h) affords its shield and protection only to natural persons. The Court's prior Opinion held that only debtors and pre-petition creditors were within the scope of protection under section 362(h). This Opinion further restricts that holding to debtors and pre-petition creditors who are human beings.

In short, the Court agrees with the conclusion in *Chateaugay* that the rule of statutory construction set forth in *Ron Pair* precludes the analysis employed in *Better Homes* which was decided prior to *Ron Pair*. Just because section 362(a) applies to all debtors, it is not clear that Congress intended to award mandatory damages under section 362(h) for stay violations to all aggrieved parties. Thus, the legislative history of section 362(a), which supports wide coverage of the stay, does not necessarily apply to the individual parties protected under subsection (h), which deals with mandatory sanctions for a violation of the automatic stay. *See Chateaugay*, 920 F.2d at 186. Consequently, the Court finds that Conrail is not an "individual" for purposes of section 362(h) and cannot recover damages thereunder. Conrail, therefore, lacks standing for relief under section 362(h) which mandates relief for "individuals" so injured. This result is in contrast to the discretionary relief potentially available to those other parties injured by willful violations of court orders by means of the contempt procedures outlined in Federal Rule of Bankruptcy Procedure 9020.

■ Notwithstanding Conrail's inability to recover under section 362(h), it may institute a contempt motion against the Bank under Bankruptcy Rule 9020 for discretionary relief which may be appropriately awarded by the Court. That avenue of relief is available to debtors and pre-petition creditors who are not natural persons. The civil contempt powers of the Bankruptcy Court in core matters have been upheld by the substantial majority of circuits and other courts which have ruled on the issue. *See In re Skinner*, 917 F.2d 444 (10th Cir.1990); *In re Walters*, 868 F.2d 665 (4th Cir.1989); *In re Schatz*, 122 B.R. 327 (N.D.

Ill.1990); *contra, In re Sequoia Auto Brokers Ltd.*, 827 F.2d 1281 (9th Cir.1987). The Court agrees with *Skinner, Walters*, and *Schatz*. Accordingly, allowance of the Bank's motion for summary judgment under section 362(h) does not leave Conrail without a remedy for its alleged injuries if it opts to institute proceedings under Bankruptcy Rule 9020.

## V. CONCLUSION

For the foregoing reasons, the Court hereby denies the motion of Conrail for damages against the Bank for willful violation of the automatic stay pursuant to 11 U.S.C. § 362(h). The Court hereby grants the motion of the Bank for summary judgment.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 7052.